CITY OF DES MOINES, Appellee, v. EDWIN CUTLER, Appellant.

**Public health:** PLUMBING REGULATIONS: CONSTRUCTION.   Under an ordinance providing rules for plumbing buildings connecting with sewers, etc., and requiring that in case soil or waste pipes were placed in a building for future use the work should be inspected and tested the same as if for immediate use,· that the inspector should examine the work within a specified time after notice that it was ready for inspection, and that a willful violation of the ordinance should be punished by fine; it is held, that the required test of pipes installed for future use has relation to those con-

necting with sewers, etc., though not necessarily to be connected before testing, if ultimate connection was part of the plan of plumbing; and that the provision did not apply to a soil pipe from the basement to the roof where there was no available sewer, but the same was simply installed for connection when sewers were constructed.

Same: WILLFUL VIOLATION OF ORDINANCE. There is a distinction between the omission to perform a legal duty resulting from inadvertence or mistake, and a willful omission of such duty; thus in this case the ordinance referred to imposed an affirmative duty of notifying the city inspector when any plumbing was ready for inspection, and fixed a penalty for failure to give such notice, but was indefinite as to the method or time of giving the same; and it is held that as defendant, the plumber, had done similar work which the inspector had declined to inspect, stating that it did not need to be tested as it might never be used, that the inspector at about that time had stated to a meeting of plumbers that such work did not need to be tested until the fixtures were set, and as defendant had received similar advice from the city solicitor, he was not guilty of a willful failure to give the notice.

*Appeal from Polk District Court.*—HON. JESSE A. MILLER, Judge.

FRIDAY, NOVEMBER 19, 1909.

THIS is a prosecution for the alleged violation of an ordinance of the city of Des Moines. From a judgment of conviction, the defendant appeals. *Reversed.*

*Blake & Blake,* for appellant.

*H. W. Byers, C. W. Lyon, Lawrence De Graff, Thos. J. Guthrie* and *F. D. Williams,* for appellee.

EVANS, C. J.—The information against the defendant was filed by the plumbing inspector of the city. It charged that on September 22, 1908, the defendant "did unlawfully and willfully install certain plumbing in the residence build-

ing of H. J. Tillia" in such city in violation of an ordi-
nance.    The information was filed on September 23, 1908.

Section 737, Code Supp. 1907, provides:

They shall have power by ordinance to prescribe rules
and regulations for all plumbing connecting any building
with sewers, water mains and gas pipes; and may prescribe
the kind and size of materials to be used in such plumbing,
and the manner in which the same shall be done; and to
appoint an inspector thereof, and define his duties and
powers; and to provide for the assessment of the cost of
such inspection and replacing of the pavement to the prop-
erty; and to prescribe penalties for the violation of such
ordinance.    Nothing herein shall be construed as authoriz-
ing the annulment of any rules or regulations relating to
such plumbing made by the local or state board of health,
but such ordinance shall conform to and enforce the same.

Ordinance No. 1,269 contains the following as sections
12 and 23 thereof:

Sec. 12.    If soil or waste pipes are placed in buildings
for future use, the necessary ventilation pipes shall also
be put in and the work tested and inspected as if for imme-
diate use.    All openings not in use shall be closed.

Sec. 23.    The inspector of plumbing and sewers will
examine the work within six hours after notice that it is
ready for inspection has been received.    The soil and vent
pipes when placed in position must be tested by water or
smoke test, in the presence of the inspector, and all defec-
tive joints made tight.    Defective pipe must be removed
and replaced with sound pipe.    When the entire plumbing
work is completed, and before being used, it must be tested
by essence of peppermint, or smoke, in the presence of the
inspector, and upon satisfactory completion of said work
the inspector shall issue a certificate of approval.

The title to such ordinance is as follows:    "An ordi-
nance to provide rules and regulations for all plumbing
in buildings, public or otherwise, connecting with sewers,
water mains, gas or steam heating pipes and to prescribe

penalties for the violation thereof, and provide for the enforcing of such rules and regulations." Section 25 of such ordinance provides that "any person, firm, or corporation who shall willfully violate any of the provisions of this ordinance shall, upon conviction thereof, be fined," etc.

I.   It appears from the testimony that the defendant was a plumber. He was employed by Tillia, the owner of a house in course of construction, to put in a vertical pipe, twelve or fifteen feet long, extending from the cellar up to about two feet above the roof. It was open at both ends and was not connected with any sewer, water main, or gas-pipe.

1. PUBLIC HEALTH: plumbing regulations: construction.

There were no sewers or water mains upon the street nor elsewhere available to the house in question for the purpose of connecting with such pipe. The purpose, however, of placing the pipe, was that it should some time be used as a soil and vent pipe when a connection with sewers and water mains would be available. In what respect the defendant violated the ordinance in question is not clear. We infer from the evidence that the defendant failed to give notice to the inspector. The ordinance as presented to us does not in express terms require the defendant to give such notice. There is an inference in it that somebody should give notice; but whether that duty devolves upon the owner of the building or upon the plumber does not appear, nor is there any time fixed within which a notice is imperative. The test required by the ordinance must be had in the presence of the inspector. A test in the absence of the inspector will not answer the call of the ordinance. It is not claimed that there was any refusal to test in the presence of the inspector. The initial failure of duty, therefore, if any, on the part of defendant, was the failure to give notice to the inspector. The plumbing in this case, such as it was, was not completed at the time information was filed against the defendant. When completed it was not intended that the pipe in question should be connected with

any main or sewer. There were none in existence. Can it be said that the failure to give notice to the inspector, under these circumstances, was a "willful" violation of the ordinance?

It will be observed that section 737 above quoted confers power upon cities "to prescribe rules and regulations for all plumbing connecting any building with sewers," etc. It will be observed, also, that the title to the ordinance in question is in accord with this section of the statute, and is qualified in the same way. Plaintiff relies upon section 12 of the ordinance, which provides for a test of pipes placed in "buildings for future use," the same as for immediate use. We think this section must be construed in harmony with the statute and with the title of the ordinance. This must be held therefore to relate to pipes "connecting with sewers," etc. This would require a testing of all pipes connecting with sewers and water mains, even though not intended for immediate use. This construction would not necessarily require an actual connection to be made before testing should be required, provided that such connection was a part of the completed plan of plumbing then in contemplation; but in this case there was no means of such connection, nor any present plan contemplating the same. We think, therefore, that the failure of the defendant, under these circumstances, to give notice to the inspector, was not a violation of the ordinance. We are considering the case on the theory that the intent of the information against the defendant was to charge him with an omission of some duty imposed upon him by the ordinance. We are required to do this in order to assume that any offense whatever is charged in the information. The charge actually made in terms in the information is that the defendant did unlawfully and "willfully install certain plumbing" in violation of the ordinance. No provision of the ordinance is exhibited to us wherein any person was forbidden to install plumbing, and we are unable to see that

any offense is in fact charged in the information; but this point is not made in appellant's argument, and we assume that there must be some reason for it. Under the record as made here, the only offense attempted to be proven was an omission on the part of the defendant to perform a duty imposed upon him by the ordinance. Whether such offense was the failure to test, or the failure to give notice to the inspector, is uncertain; but we are assuming it to be one or the other, for the purpose of this appeal. If this is not correct, then no offense whatever is shown either in the information or in the evidence.

II. There are other circumstances in this case which are entitled to much consideration. It appears from the undisputed testimony that shortly prior to the doing of the work in question the defendant had taken similar work ·on three other houses, and that the inspector had declined to inspect the same, saying: "Oh, never mind; it don't need to be tested. Don't know whether the plumbing will ever be used in it." About the middle of September, at a meeting of the master plumbers, the inspector stated that a test of such work was not necessary until the fixtures were set. The defendant also submitted the question to the city solicitor, who expressed his opinion to the same effect. It will be noted that section 25 of the ordinance provides for the fining of any person "who shall willfully violate any of the provisions of this ordinance." It is urged by the defendant that the element of willfulness was entirely wanting in this case. The trial court refused to receive this evidence as a defense, but heard it as in mitigation of punishment. Notwithstanding this evidence, it imposed a fine of $25; whereas, the police court, from which the case was appealed by defendant, had imposed a fine of $1 only. It is not always easy to define what is meant by a "willful" act. It has often been held that the intentional doing of a wrongful act is sufficient to constitute willfulness. This rule, how-

2. SAME: willful violation of ordinance.

ever, does not dispense with willfulness as an element of the crime when it is included in the statutory definition. In this case there are many provisions in the ordinance which impose affirmative duties. The method of their performance is indefinite as to time and circumstance. The violation of the ordinance as to such duties consists in a willful omission to perform them. The penalty provided by the ordinance is imposed for a willful omission to perform such duties. Considering the indefinite character of these provisions of the ordinance, it is reasonable, for the purpose of the penalty, to make a distinction between an omission to perform resulting from inadvertence or mistake, and an omission willfully done. See *Parker v. Parker,* 102 Iowa, 500. In this case the inspector filed information against the defendant without any warning or demand, and without putting his motive to the test in any way.

Under the record before us, we think that it can not be said that the element of willfulness was present to any degree in the omission charged against the defendant.

The judgment below is therefore *reversed.*