Jenkins vs. Sharpf and another.

---

JENKINS v. SHARPF and another.

(1.) TAX DEED—EVIDENCE: *Sufficiency of the description in a tax deed.—Admission of parol evidence to explain ambiguity.*
(2.) AMENDMENT OF COMPLAINT in ejectment.

1. A tax purported to convey the "north twenty feet" of a certain lot. The boundary lines of said lot deflect 25 degrees from the cardinal points of the compass; the lot was 120 feet in depth along its northerly boundary, and 60 feet wide along its westerly boundary; said northerly boundary was usually called the *north* line, and said westerly boundary the *west* line; and the lot was assessed for taxation, in the year for whose taxes the deed was given, in two portions described as the "north twenty feet" and the "south forty feet." *Held,*

(1.) That the description in said deed indicates the land intended with reasonable certainty, and would be sufficient between the parties to an ordinary conveyance, and therefore the deed, having been made after ch. 53, Laws of 1866, took effect, is good under that act.

(2.) That the ambiguity in the deed (if any) is a *latent* one, and may be explained by parol evidence, such as evidence showing the sense in which the phrase "north twenty feet" was usually understood and applied among real estate dealers, conveyancers and surveyors, in bargaining, selling, conveying and occupying fractional lots on the plat referred to.

Jenkins vs. Sharpf and another.

2. Where the complaint in ejectment was in the usual form, and in strict compliance with the statute, an amendment showing that plaintiff claimed under certain tax deeds, and that the description in such deeds was intended to apply, and was applicable, to the land in dispute, was needless; since plaintiff could introduce the same evidence under the original complaint as under the amendment.

APPEAL from the Circuit Court for *La Crosse* County.

Ejectment. The plaintiff appealed from a judgment in favor of the defendants. The case is stated in the opinion.

*Wing & Hood* and *H. W. Tenney*, for appellant, argued that if there was any ambiguity in the tax deeds, it was a *latent* one, and parol evidence was admissible to explain it; that the law will not declare an instrument void until it has been examined in all the light. contemporaneous facts and circumstances may afford, and a liberal construction will be given where the circumstances may warrant or justice require (*Schumaker v. Hoeveler*, 22 Wis. 43; *Stanly v. Green*, 12 Cal. 148; *Kellogg v. Smith*, 7 Cush. 382; *Frost v. Spaulding*, 19 Pick. 445; 2 Washb. on R. P. 637,note; 12 Ill. 58); that the same rule of construction is applied in tax title cases (*Blakely v. Bestor*, 13 Ill. 708; *Dunden v. Snodgrass*, 18 Pa. St. 151); that this is the statutory rule in this state (ch. 53, Laws of 1866); and that if evidence of the fact was not admissible under the original complaint, it was an abuse of discretion to refuse the proposed amendment. *Gregory v. Hart*, 7 Wis. 532; *Phillips v. Jarvis*, 19 id. 204; *Schumaker v. Hoeveler*, 22 id. 43, and cases there cited.

*Stogdill & Daniels*, for respondents:

1. The amendment was properly refused. The recital of the tax deeds was needless and improper. R. S. ch. 141, sec. 4. Matters of evidence should not be pleaded. *Stone v. De Paga*, 3 Sandf. 736. Plaintiff should not be permitted to show by extrinsic evidence that a deed of the north twenty feet means a strip of land twenty feet in width, along the entire length of

the lot, from northeast to southwest; but if the evidence was proper, it could be received without the proposed amendment. *Mason v. White,* 11 Barb. 173; *Lawson v. Mead,* Lalor, 158; 8 Johns. 394; *Terry v. Chandler,* 16 N. Y. 354; 15 Pick. 66; 22 Wis. 167; Blackw. on T. T. (2d ed.), 123 et seq. In actions of ejectment, under a general denial in the answer, any evidence going to defeat the action is admissible. *Lain v. Shepardson,* 23 Wis. 228. 2. Evidence as to a custom in describing fractional parts of lots in the old plat of La Crosse was properly excluded. Usage cannot be permitted to overturn well established rules of law in regard to the transfer of real estate. *Frith v. Barker,* 2 Johns. 327; *Hinton v. Locke,* 5 Hill, 437; *Cortelyou v. Van Brunt,* 2 Johns. 357; *Wheeler v. Newbould,* 5 Duer, 29; *S. C.,* 2 Smith, 392; *Wall v. Ins. Co.,* 3 Duer, 264; *Parsons v. Miller,* 15 Wend. 561; *Livingston v. Ten Broeck,* 16 Johns. 14; 4 Hill, 107; 5 Wend. 547. 3. The conclusion of law reached by the circuit court is correct. *Orton v. Noonan,* 18 Wis. 447; *Bank of Utica v. Mersereau,* 3 Barb. Ch. 528; *Fitch v. Pinckard,* 4 Scam. 83; 13 Wis. 641; 12 id. 388; R. S. ch. 18, sec. 20 et seq.

LYON, J. This is an action for the recovery of real property. The complaint alleges that the plaintiff is the owner in fee of "the *north* twenty feet of lot No. one, in Block No. eight in the old plat of La Crosse, now city of La Crosse," and is entitled to the possession thereof, and that the defendants unlawfully withhold from him the possession of said premises, etc.

The answer of the defendants denies that the plaintiff is the owner or entitled to the possession of the premises in controversy, and also denies that they unlawfully withhold from him the possession thereof. It also alleges that the defendant *Burns* is the owner in fee of such premises.

A jury trial was waived by the parties, and the

cause was tried by the court without a jury. The circuit judge found as facts, that " on the 14th day of January, 1867, the city of La Crosse executed and delivered to the plaintiff four several tax deeds, bearing date January 14, 1867, all of which were duly acknowledged so as to entitle the same to be recorded, and the same were afterwards duly recorded in the office of the register of deeds of the county of La Crosse, to wit, on the 15th day of January, 1867. These deeds convey to the plaintiff the north twenty (20) feet of lot one (1) in Block eight (8) in the original plat of La Crosse. The premises in all the deeds are described in the same manner as described in the complaint, except as to one of the deeds, which conveys the north eighteen feet of the same lot;" and that " the boundary lines of the lot in question do not run due east and west or north and south, but that the northerly and southerly boundary lines of said lot run south 65 degrees east, and the easterly and westerly boundary lines of said lot run south 25 degrees west, and at right angles with said northerly and southerly boundary lines."

As conclusion of law the circuit judge found, " that the said deeds are void on account of the defective and uncertain description of the premises contained therein, both as to quantity and location, and that the defendants are entitled to judgment in their favor."

Judgment was therefore entered for the defendants, dismissing the complaint, and for the costs of the action; from which judgment the plaintiff has appealed to this court.

The principal question presented by this appeal is: Are the tax deeds conveying the *north* twenty feet of the lot void, by reason of the fact that the northerly line of this lot deflects 25 degrees from a due east and west course ?

Chapter 53 of the General Laws of 1866 provides as follows: " In all advertisements, certificates, papers

or proceedings relating to the * * * * * assessment and collection of taxes, and proceedings founded thereon, * * * * * any description of lands which shall indicate the land intended with ordinary and reasonable certainty, and which would be sufficient between grantor and grantee in an ordinary conveyance, shall be sufficient."

This act was passed before the execution of the tax deeds to the appellant above mentioned, and is applicable thereto. *Orton v. Noonan*, 23 Wis. 103; *Delorme v. Ferk*, 24 Wis. 201.

In addition to the facts found by the circuit judge, it was proved on the trial that lot one (1) in Block eight (8) is sixty feet wide on Front street, and one hundred and fifty feet deep on State street, which last named street is the northerly boundary of the lot; and that the only assessment of said lot in 1857 was by the descriptions of the *north* twenty feet and the *south* forty feet thereof. One of the tax deeds was given upon the sale for the unpaid taxes of that year. It further appeared by the testimony of W. R. Sill, that the line on the northerly side of the lot was usually called the *north* line or side, and that on Front street the west line. Mr. Sill was called by the plaintiff, and this testimony was elicited on his cross-examination.

We have seen that the description of the land in the tax deeds is sufficient if it indicates the land intended to be conveyed with reasonable certainty, and that in deciding upon the sufficiency of such description we are to be governed by the rules which are applicable to a case between grantor and grantee in an ordinary conveyance. Laws of 1866, ch. 53, *supra*.

These rules, so far as they are applicable to the question under consideration, are correctly stated by Mr. Justice Downer, in *Schmitz v. Schmitz*, 19 Wis. 207. He says: "Deeds are to be interpreted according to their subject-matter, and such construction

Jenkins vs. Sharpf and another.

given to them as will carry out the intention of the parties, when it is legally possible to do so consistently with the language of the instruments. If the language of the instrument is vague and general, or there is a latent ambiguity, parol evidence is admissible of any extrinsic circumstances tending to show definitively what things were intended by the parties; not that such evidence enlarges or diminishes the estate granted or premises conveyed, but it identifies the subject-matter on which the deed operates." P. 210. See also, *Waterman v. Johnson*, 13 Pick. 264; *Hall v. Dover*, 36 N. H. 573.

Applying these rules to the facts proved upon the trial, we are of the opinion that the tax deeds indicate, with ordinary and reasonable certainty, that the land intended to be conveyed thereby is a piece twenty feet wide along the northerly line of the lot, extending the whole length or depth thereof from Front street to the rear of the lot. We think no court would hesitate thus to interpret an ordinary conveyance containing a like description.

If there is any ambiguity in the tax deeds, it is a latent ambiguity, and may be explained by parol evidence. *Burrill's Law Dictionary*, title "AMBIGUITY." And the same was fully explained by the evidence of Sill, which is uncontradicted.

It follows from these views, that the objections to the questions put by the counsel of the appellant to the witnesses Sill, Overbaugh and Steinlein, should have been overruled, and the witnesses permitted to answer;* but at most their testimony, had it been received, would have been cumulative.

---

* The question asked each of these witnesses was as follows: "In selling and conveying lots in the old plat of La Crosse, fronting easterly and westerly, what is the ordinary and usual mode of describing fractional portions of lots fronting on either street; and what is the general understanding among real estate dealers, conveyancers and surveyors, as to the meaning of the terms "north twenty feet," or "south twenty feet," when applied to lots in said plat, in bargaining, selling, conveying and occupying such lots?"—REP.

It follows also, that the reason given by the circuit judge for excluding the proposed amendment to the complaint, to wit, that parol evidence of extrinsic facts could not be received to explain the description in the deeds, was erroneous.* But I think that the amendment was properly rejected for other reasons. The original complaint is in the usual form of complaints in actions of like character; and under it all evidence was admissible which would have been admissible had it been amended as proposed. Moreover, the original complaint is in strict compliance with the requirements of the statute; and the proposed amendment contained little more than the evidence upon which the appellant relied to maintain his action. R. S. ch. 141, sec. 4.

The judgment of the circuit court must be reversed; and because the judgment appears to be in the nature of a nonsuit, a new trial is awarded.

*By the Court.*—Judgment reversed, and new trial awarded.