## Theodore Hendrickson and another v. Joseph S. Walker.

*Special verdicts: Special questions to jury.* The power to find special verdicts is not taken away by the statute authorizing special questions to be submitted to the jury (*Comp. L. 1871, § 6026*); that statute contemplates the putting of special questions in explanation of a general verdict, but it in no way destroys the competency of the former practice.

*Special verdicts: Technical ending: Finding of facts.* The want of the technical conclusion commonly inserted, with an alternative finding according as the court may determine as to the law, does not affect the force or validity of a special verdict; where the jury find the facts, they find for the party who should prevail on those facts, and he is entitled to judgment.

*Replevin: Possession: Chattel mortgages: Finding of facts.* A finding that a plaintiff in replevin, at the time the defendants took away the property in question, held valid chattel mortgages upon it on which payments were in default, would entitle him to prevail, in the absence of any finding that the defendants stood in any relation to the parties to the mortgages such as qualified them to assail these securities.

*Heard April 22.    Decided April 30.*

Error to Saginaw Circuit.

*William A. Clark*, for plaintiffs in error.

*D. W. C. Gage*, for defendant in error.

CAMPBELL, J:

Walker replevied from plaintiffs in error a considerable amount of personal property, consisting of mill-machinery and fixtures, which it appears they claimed as purchased under an execution issued against one Truman Johnson. All the questions arise upon a special verdict, on which judgment was given for plaintiff below, with fifty dollars damages for detention of the property.

Several questions were argued which we think do not properly arise under the record.

It is objected that the jury cannot find a special verdict unless upon requests given under the statute providing for the submission of specific questions; and that this verdict is imperfect in not containing the technical conclusion commonly inserted, with an alternative finding according as the court may determine as to the law.

The power to find special verdicts is as old as the common-law, and was always competent. It is a very proper and convenient practice when there is no serious difference between parties on the facts, and in such cases it is not unusual for counsel to agree upon the verdict. This is not so common now as formerly, since our laws have enabled courts to pass upon cases without a jury. But a special verdict is no less competent than before. The statute authorizing special questions contemplates that they shall be put in explanation or aid of a general verdict, but it in no way destroys the competency of the former practice.—See *Keeler v. Robertson, 27 Mich. R., 116.*

The want of a technical ending is immaterial. When the jury find facts, they find for the party who should prevail on those facts, and he is entitled to judgment.

These findings are confused and prolix. But they show that at the time when defendants below took the property,

Walker held valid chattel mortgages upon it, on which payments were in default. This entitled him to the possession, unless those mortgages were void as against defendants, or others under whom they acquired rights. Without a finding of invalidating facts, plaintiff must prevail. The findings show no judgment, and no other right to assail the mortgages. The execution is not identified at all, and not connected with any rights of creditors qualified to assail the securities. It would therefore be useless to discuss the registry laws applicable to chattel mortgages, since, as between the parties, these were confessedly valid, and no one else has shown a title to complain.

The judgment was rightly entered, and must be affirmed, with costs.

The other Justices concurred.