AGESILAUS ROCKAFELLER *v.* THE VILLAGE OF ARLINGTON.

CONVEYANCE — *reservation — sufficiency of description.* Where the owner of a tract of land had laid out a block thereon subdivided into lots, placing stones at the corners of the block, and had sold two of the lots in the block, and after possession taken by the purchaser, conveyed the whole tract, "excepting five lots in first block and second lot in second block, south of the railroad and plank road, as the same shall be hereafter subdivided into village lots" by the grantee or his assigns, "said lots having been heretofore sold by" said grantor, it was *held*, that the exception in the deed was not void for uncertainty, and that the title to lots previously sold did not pass by the deed.

APPEAL from the Circuit Court of Bureau county; the Hon. EDWIN S. LELAND, Judge, presiding.

Messrs. KENDALL & LOVEJOY, for the appellant.

Messrs. PETERS, ECKELS & KYLE, for the appellee.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

This is a bill, filed by appellant, to enjoin appellee from opening an alley through his inclosed grounds in the village. The circuit court, on final hearing, dismissed the bill, and complainant appeals.

Appellee claims the right to open the alley upon the ground that Cassady, who formerly owned the land of which this is a part, conveyed the whole to Day, August 14, 1854, and that Day, on the 30th of April, 1855, surveyed and platted the whole tract into streets, alleys, blocks and lots, and acknowledged the plat, and that on the 14th of May, 1855, the plat was recorded; and that upon that plat, the ground in question was dedicated as a public alley.

Before Cassady conveyed to Day, he had contemplated surveying and platting a part of the land, described in his deed as Cassady's addition to Arlington, but had not made the plat. He had, however, laid off one block as block 1, placing stones at the corners. He had also sold to Gibson two lots of that block, being lots 4 and 5 of that plat. Gibson took possession, under his purchase, in May, 1854, and began the construction of a building for a retail store, and before the conveyance to Day this house was so far completed that Gibson had placed goods in the same, although he had built no fence around these lots.

In this condition the conveyance was made to Day. The deed to Day describes 180 acres of land, and conveys the whole thereof, " excepting five lots in first block and second lot in second block, south of the railroad and plank road, as the same shall be hereafter subdivided into village lots by said

Day, or his assigns, said lots having been heretofore sold by said Cassady."

Gibson inclosed these lots with a fence in May, 1855, and continued his possession until he sold and transferred the property and possession to Rockafeller, who has been in possession ever since. The deed from Cassady to Gibson was made December 30, 1854, and recorded in June, 1855, and Gibson conveyed to Rockafeller in 1869.

It is insisted that the exception contained in the deed from Cassady to Day was void for uncertainty. We think not. The block of which the ground in controversy was a part was laid off, and the corners marked with stones, and Gibson was constructing his building upon one of the lots, and the lots had in fact been sold to him by Cassady. The title to these lots did not pass by the deed of Cassady to Day.

It is suggested that the last words of the clause of exception show that no definite property was excepted, or intended to be excepted, and that instead of there being property excepted from the deed, the words import that the title to the whole 180 acres passed to Day, with a covenant that Day would, when he had laid off the land in lots, convey to the purchasers of Cassady such lots as he might designate on the plat, in his discretion, as the "five lots in first block," and second lot in second block. This suggestion is not reasonable. First block was already designated by the stone monuments, and the deed declares that Cassady had sold five of those lots and they are excepted from the operation of the deed. The proof shows that these lots of Rockafeller were two of the five. Whether Day was expected to have any discretion as to the location of the "second lot in second block" is not material to this question; but the fair inference, from the language of that part of the clause of exception, seems to be, that the mode in which Day or his assigns were to subdivide the second block was known to the parties, and, therefore, the lot in that block to be excepted from Day's deed was designated as the lot in that block which Cassady had before that time sold, and also

as the second lot, according to the plan by which Day was to subdivide the property.

Where a claimant has occupied as owner land for nearly twenty years, and the same has been acquiesced in by the public as lawful and proper under the title papers, courts should not seek sharply for a construction of the same which would condemn such occupation as wrongful.

We think the decree of the circuit court was wrong, and it must be reversed, and the cause remanded.

*Decree reversed.*