JOHNSON and another vs. THE ASHLAND LUMBER COMPANY.

DEED. *(1) Exceptions in deed construed and upheld. (2)* EVIDENCE *of nonexistence of deed.*
SPECIAL VERDICT: *(3) Insufficient to support judgment.*

1. In a deed of a quarter-section of land bounded only on the north by a town line, an exception of "the 32 acres mortgaged to A. adjoining the town line," must be *presumed*, in the absence of the mortgage, to be an exception of a parcel of land extending the whole length of the north side of the quarter-section, of sufficient uniform width to include 32 acres; and an exception of seven acres "to be taken on the east side of said described land," is an exception of a parcel of land extending along the whole east side of the quarter-section, of sufficient uniform width to include seven acres; and such exceptions are not void for uncertainty.

2. The record of a mortgage from the same grantor to A. of 34 acres of land in *another* quarter of the same section was produced on the trial, and no other mortgage from said grantor to A. was found of record. *Held,*

that this was no proof of the nonexistence of an *unrecorded* mortgage corresponding to the description in said deed.

3. In an action for the conversion of timber alleged to have been cut from plaintiffs' lands, the special verdict was merely that the timber was cut by a stranger on a certain quarter-section of land, and by such stranger sold to and manufactured and disposed of by the defendant. The evidence was, that plaintiffs, at the time of such cutting, owned only a part of said quarter-section, and there was no finding that the timber was cut on *their* part, and no general verdict. *Held*, that there was nothing to support a judgment in their favor.

APPEAL from the Circuit Court for *Ashland* County.

Trover, for logs. On a former appeal in this action, it was held that the complaint states a cause of action. The complaint is sufficiently stated in the report on that appeal. 45 Wis., 119. The defendant answered a general denial.

On the trial, plaintiffs proved that the plaintiff *Lucretia Johnson* was sole heir, and the plaintiff *Elizabeth Blake* the widow, of Lawrence Farley, who died intestate; that the United States conveyed to one Stephen Butterfield lots 3 and 4, and the N. ½ of the N. W. ¼ of section 5, township 48, range 4 west; and that Butterfield conveyed to Farley a portion of such lands, described as follows: "Lots 3 and 4, and the north half of the northwest quarter of section No. 5, in township 48 north, of range 4 west, excepting the 32 acres mortgaged to Schuyler Goff, adjoining the town line, and also seven acres which I reserve for myself, and to be taken on the east side of said described land, leaving the amount of acres now deeded in this deed about thirty-four, more or less."

There was no general verdict. The jury found specially that one Ole Storman cut the logs in controversy on the N. E. ¼ of the N. W. ¼ and lot 3 of said section 5, to the amount of 700,000 feet, board measure, and sold and delivered them to the defendant company; that the company sawed them into lumber, and sold and disposed of the same; that the timber standing was worth one dollar per thousand feet, board measure; and that the defendant has not paid the plaintiff therefor.

Judgment was rendered for the plaintiffs on these findings, for $700 and costs; and the defendant appealed therefrom.

For the appellant, there was a brief by *John H. Knight* and *W. M. Tomkins*, and oral argument by *Mr. Knight*. They contended, among other things, as follows: 1. That the land acquired by Farley by deed from Butterfield could be determined only by fixing the boundaries of the two tracts excepted in that deed; that the only evidence offered to locate the excepted premises was a mortgage to Goff, not shown to be the one referred to in the deed to Farley; that the court therefore could not say where the 34 acres conveyed to Farley were situated, nor could it be determined, from the evidence, how much of the timber in question was taken from that tract; and that, plaintiffs having failed to remove by proof the apparent ambiguity in the deed upon which they relied, that deed, so far as this action is concerned, should be held void. *Benedict v. Horner*, 13 Wis., 256; *Thomas v. Thomas*, 6 Durnf. & E., 671. 2. That the mortgage to Goff presumably established the metes and bounds of the 32 acres included in the first exception, "adjoining the town line," i. e., on the north side of the tract; and the seven-acre tract excepted is presumably a strip of uniform width along the east side of the lands described. *Dolan v. Trelevan*, 31 Wis., 147; *Jenkins v. Sharpf*, 27 id., 472; *Comm. v. Roxbury*, 9 Gray, 490; *Van Gordon v. Jackson*, 5 Johns., 440; 3 Washb. R. P., 398 et seq., and cases there cited. 3. That the title and right of possession to the lands described in the complaint were in one Storman by virtue of a certain tax deed, and he was in actual possession, and the lands were not redeemed by plaintiff from the tax sale until two years after the logs were sold by Storman to the defendant; that after the recording of a tax deed and before redemption, plaintiff had no estate in the property and could not even maintain an action to restrain waste (*Wright v. Wing*, 18 Wis., 45); that trees when severed from the realty become personal property (1 Washb. R. P., 142;

*Tyson v. McGuineas*, 26 Wis., 656); that Storman, being in possession under a valid legal title to "an absolute estate in fee simple," was owner of the logs and rightfully in possession of them, and defendant, by purchase from him, acquired a good title; and that for this reason plaintiffs could not maintain the action. 1 Washb. R. P., 467; *Gordon v. Harper*, 7 Durnf. & E., 9; *Northrup v. Trask*, 39 Wis., 515, and cases there cited; *Cooper v. Davis*, 15 Conn., 556; *Case v. De Goes*, 3 Caines, 261; *Dewey v. Osborn*, 4 Cow., 329; *Fulton v. Fulton*, 48 Barb., 581; *Wickham v. Freeman*, 12 Johns., 183; *Peterson v. Clark*, 15 id., 205; *Stockwell v. Phelps*, 34 N. Y., 363; *Wilson v. Maltby*, 59 id., 126.

For the respondent, there was a brief by *J. J. Miles*, and oral argument by *G. W. Cate*. They contended, 1. That the exception of 32 acres in the deed to Farley was void for uncertainty; that the description of the land in such an exception should be as full and accurate as would be required in a deed of the same land (3 Washb. R. P., 3d ed., 369), and the limits of the land must be shown on the face of the instrument or by reference therein to some known object by which they may be ascertained *(Coats v. Taft*, 12 Wis., 389); that as to the 32 acres there was no reference in the deed to any object by which the limits could be established; and that the ambiguity was patent, and could not be helped by parol. 2 Phillips on Ev., C., H. & E.'s notes, p. 746, note 515; *Worthington v. Hylyer*, 4 Mass., 205. 2. That the exception of the seven acres was also uncertain. (1) Because, by its terms, the tract might be taken on the east side of the 32 acres mortgaged to Goff, or on the east side of lot 3, or of lot 4, or of the N. $\frac{1}{2}$ of the N. W. $\frac{1}{4}$. (2) Because, the language used implies a right in the grantor to select any seven acres he might choose on the east side of the lands. 3. That as the ambiguity was in the exception only, the exception was void, and the whole land passed by the deed to Farley. 4. That the exception of the 32 acres was in favor of no person, and that of the seven acres was to the grantor,

without words of inheritance, and if it was valid he would only take a life estate (3 Washb. R. P., 371); and in that case Farley's heirs would own the fee subject to Butterfield's life estate, and could maintain action for timber cut upon the premises. 1 Washb. R. P., 139, 411; 1 Hilliard on Torts, 473; 2 id., 125, 149. 5. That the tax deed was void upon its face for various reasons; that Storman was never in possession of the land, except so far as was necessary to commit a trespass by cutting the timber; and that even if the deed was good, the title conferred by it was conditional, and the redemption rendered it void *ab initio*. R. S., sec. 1165; Blackwell on T. T., 4th ed., 475.

LYON, J. There is no finding that the plaintiffs are the owners of the lands from which the logs in controversy were taken. The judgment probably went upon the grounds that the exceptions in the conveyance by Butterfield to Farley are void for uncertainty, and that Farley took title under that conveyance to the whole of the N. E. ¼ of the N. W. ¼ and lot 3 of section 5, mentioned in the complaint. If Farley died seized of these lands, it is not denied that his title descended to the plaintiffs.

We think there is no uncertainty or ambiguity in the description in that conveyance of the excepted parcels. It was conceded in the argument of the cause, and the government plats show, that the N. ½ of the N. W. ¼, and lots 3 and 4 of section 5, constitute the northwest fractional quarter of that section — lot 3 being the southeast, and lot 4 the southwest fractional quarter of the quarter-section. The exception of 32 acres adjoining the town line, mortgaged to Schuyler Goff, must, in the absence of that mortgage, be presumed to be a parcel of land extending the whole length of the north side of the quarter-section (which is the only town line abutting it), of sufficient uniform width to include 32 acres; and the exception of seven acres to be taken on the east side of the fractional

quarter-section is an exception of a parcel of land extending along the whole east side of the quarter-section, of sufficient uniform width to include seven acres. *Dolan v. Trelevan*, 31 Wis., 147; *Jenkins v. Sharpf*, 27 Wis., 472; *Walsh v. Ringer*, 2 Ohio, 435; 3 Washb. on Real Property (4th ed.), 406, and cases cited.

The record of a mortgage executed by Butterfield to Goff, on *thirty-four* acres of land in the *northeast* quarter of section 5, was read in evidence, and no other mortgage executed by the former to the latter was found of record. But that does not disprove the existence of the mortgage mentioned in the conveyance to Farley. It may have been executed and not recorded. Hence we are not called upon to decide the effect upon Farley's deed of proof that no such mortgage ever existed. If such a mortgage should be produced, and found to include lands not of a uniform width along the north line of the quarter-section, the presumption above mentioned would cease, and the description in the mortgage would control; that is to say, the exceptions would cover the parcel on the town line actually mortgaged, although the same might not be of uniform width. Hence, on the record before us, the most that the plaintiffs can successfully claim is, that when the logs were taken from the land described in the complaint (which is, in fact, the east fractional half of the northwest quarter of section 5), they were the owners of only a portion of such land. The special verdict fails to find that the logs were taken from that portion of the fractional half-quarter-section owned by the plaintiffs. The verdict may be true, and yet not a tree have been cut on the plaintiffs' land. Perhaps a general verdict for the plaintiffs would have supplied the omission, but no general verdict was returned. The omission to find that the timber was taken from the lands of the plaintiffs is necessarily fatal to the judgment.

2. A tax deed in the statutory form was read in evidence on behalf of the defendant, purporting to convey the lands described in the complaint (less seven acres) to one Smith; also a

conveyance of the same lands executed by Smith to Storman. It was also proved that the plaintiff *Lucretia Johnson* was then a minor, and afterwards redeemed the lands from the tax sale and deed pursuant to the statute. Laws of 1868, ch. 89; R. S., 374, sec. 1166. Storman cut the timber and sold it to the defendant after Smith conveyed to him, and before such redemption.

Several questions are made on the tax deed and the effect of the redemption; but we have concluded to leave them undetermined on this appeal.

*By the Court.* — The judgment of the circuit court is reversed, and the cause remanded for a new trial.