# CHARLESTON.

## MILLS *v.* EDGELL.

Submitted June 4, 1910.    Decided May 16, 1911.

1. EJECTMENT—*Burden of Proof—Identity of Land.*
   A plaintiff in ejectment, claiming title under a deed which excepts certain parcels of land out of the tract therein described, and seeking recovery of only a small part of such boundary, must identify the land in controversy as his by proving it to be within the lines of the tract granted, subject to exceptions, and outside of the excepted parcels. (p. 424).

2. SAME.
   Demand of the land in two counts, one covering the entire boundary and the other limited to the land actually withheld, does not alter the rule of practice here stated. (p. 424).

3. DEEDS—*Description—Exceptions—Sufficiency.*
   An exception of "some small tracts quit-claimed in settlement and exchange of lands" by the grantor is sufficiently definite and certain. (p. 424).

Error to Circuit Court, Wetzel County.

Action by John Mills against James A. Edgell. Judgment for defendant, and plaintiff brings error.

*Affirmed.*

*Thomas J. Jacobs* and *Hall & Hall,* for plaintiff in error.

*E. L. Robinson* and *Glenn Snodgrass,* for defendant in error.

POFFENBARGER, JUDGE:

Withdrawal of this case from the consideration of the jury by a peremptory instruction to find for the defendant constitutes the basis of all the errors assigned.

It is an action of ejectment for the recovery of 35 acres of land, lying within the boundaries of a 9,000 acre grant, according to the claims of the plaintiff, but wholly or partially outside .thereof, under the defendant's interpretation of the evidence. Though the evidence set forth in some hundreds of pages of the printed record, pertains to locations, boundary lines and possession, these are by no means the only questions involved. On the contrary, failure of the plaintiff to adduce any evidence of the location of exceptions from his title papers may render all this great mass of testimony utterly valueless to both parties.

In his declaration the plaintiff demands the whole of the Isaac Hilliard 9,000 acre survey, granted to Hilliard July 17, 1797, and then a portion thereof, 35 acres, described as the land actually withheld. The defendant entered a disclaimer as to all the land except the 35 acres and apparently as to a small portion of it. The Hilliard grant came down to the plaintiff by a long chain of conveyances, but certain deeds excepted portions thereof. One made by William H. Johnson and wife to Thomas W. Ewart, Sept. 14, 1869, excepted 684 acres out of the southwest corner of the grant, and also 800 acres, granted, according to the recital in the exception, to Sterling Johnson, and "to be surveyed and set off to said Sterling in a square form on one of the outside lines" of the Hilliard grant. By a deed dated March 28, 1878, Ewart conveyed to McEldowney the land he acquired from Johnson and also the excepted 800 acres, reciting a purchase thereof from Sterling Johnson. As the land in controversy here lies in the eastern portion of the Hilliard grant, if in it at all, the 684 acre exception, lying in the southwestern

corner of that grant does not cover it, and, as Ewart acquired the 800 acre exception and included it in his deed to McEldowney, trustee, and necessaity for locating it was thus dispensed with, the plaintiff was obviously under no duty to locate either of these. But there were other exceptions, apparently out of the re-acquired 800 acres, but certainly out of some portion of the 9,000 acre grant, as shown by the following clause of the Ewart deed: "Also the eight hundred acre tract excepted in said deed as the property of Sterling Johnson since purchased in the name of T. W. Ewart, John Mills and Jared Maris in the suit of Wm. H. Johnson against Sterling Johnson, sale confirmed and George E. Boyd Commissioner ordered to make a deed therefor in Law Order Book No. 4 at page 162 in Clerk's office of Wetzel County, excepting some small tracts quit-claimed in settlement and exchange of lands, but including all tracts deeded to me in exchange specially by Alexander *Lautz* (Lantz) by his deeds to me recorded at pages 184 & 396 of Deed Book No. 7 Wetzel County." This deed conveyed the land to McEldowney, subject to these exceptions, in trust to indemnify sureties. Having sold an undivided one-sixth thereof to John Mills and others under the deed of trust, McEldowney, as trustee, conveyed said portion to them. By his deed, dated Nov. 3, 1882, making the same execption Ewert had made in his deed. John Mills, the plaintiff, claims under these deeds.

The defendant is in possession of the 35 acres, claiming title thereto. It is a portion of an 85 acre tract, surveyed and entered, by Thomas Tucker, under a land office treasury warrant, issued May 10, 1848. Tucker sold his right under this survey to Silas Wiatt, giving him a memorandum of the sale. Wiatt assigned this to James Edgell, who conveyed a portion of the land to Abram Ice. By a deed, dated Jan. 5, 1894, he conveyed the residue thereof, the 35 acres in controversy, together with two other tracts, making an aggregate of 92.25 acres, to his son, James A. Edgell, the defendant in this action. As the 35 acre tract had never been entered upon the land books for taxation, it was sold, in the manner prescribed by law, as forfeited land, in the year 1889, and purchased by said James A. Edgell.

If this land is not within the Hilliard patent, or, if within

it and also within an exception from the Ewart · deed, the plaintiff cannot recover, for the defendant is in possession under a perfect title, in the case first supposed, and under a *bona fide* claim and color of title in the other. He is not an intruder, wherefore his possession alone avails him as against persons unable to show good title, or failing to do so. Hence a vital inquiry is whether the plaintiff was bound to prove the land in controversy was within the 9,000 acre survey and also outside of the exceptions from the Ewart deed, agreeably to the general rule as to the burden of proof. Acquiescing in the rule, declared in *Stockton* v. *Morris,* 39 W. Va. 432, *Patrick* v. *Dryden,* 10 W. Va. 387, and later cases, the plaintiff in error denies its application upon the theory of invalidity of the exceptions for idefiniteness and uncertainty of the terms used for creation thereof. They are described as "some small tracts quit-claimed in settlement and exchange of lands." Other terms used in immediate connection with this descriptive matter clearly indicate that they were "quit-claimed" by Ewart, the grantor. By them he granted all tracts deeded to him "in exchange." Obviously this means the excepted lands had been quit-claimed by him in exchange of other lands conveyed to him. Nor do we doubt that the terms "small tracts quit-claimed" mean lands previously conveyed by quit-claim deeds. Such deeds are well known in conveyancing, and the parties are presumed to have used the words in a deed or contract in the sense in which they are generally understood. If the clause in question had excepted lands "deeded" or "conveyed," there could be no doubt as to the meaning of the word. What we have here differs from the supposed case only in the use of a word importing previous conveyances by a particular kind of deed. This conclusion accords with the interpretation of the word "quit-claim" in *Brame* v. *Towne,* 56 Minn. 126. So construed, this clause furnishes means of identification of the excepted lands. They are lands conveyed by Thomas W. Ewart, out of the land generally described in the deed, to persons not named, and in exchange for other lands, some of which were so conveyed to Ewart by Alexander Lantz by certain deeds, recorded in a certain deed book at pages given by number. In *Low* v. *Settle,* 32 W. Va. 600, an exception, giving the quantity of land and the name of the vendee, was upheld. The name of the grantor constitutes an

equally good index. The conclusion, here stated, is amply sustained by the following authorities: *McCormick* v. *Monroe,* 1 Jones N. C. L. 13; *Justice* v. *Eddings,* 75 N. C. 581; *Midgett* v. *Wharton,* 102 N. C. 14; *King* v. *Wells,* 94 N. C. 344; *Brown* v. *Rickard,* 107 N. C. 639; *Rockafeller* v. *Arlington,* 91 Ill. 375; *Johnson* v. *Lumber Co.,* 47 Wis. 326; *Getchell* v. *Whittemore,* 72 Me. 393. That the excepted land need not be described by metes and bounds or by name in the excepting clause of the deed is conclusively established by the decisions just cited and also by others. See *Stockton* v. *Morris,* 39 W. Va. 432, in which Judge Brannon said: "But there is reserved a quantity of nine hundred and eighty-five acres besides other claims specifically mentioned, and it may be in the Banks five thousand-acre entry," and also *Patrick* v. *Dryden,* 10 W. Va. 387, in which a similar exception was sustained. Some of the authorities here cited sustain exceptions which do not state the quantity of the land. Nor is it necessary that the excepting clause refer to records or documents for identification, as matter of description, as many of them will show. In *Johnson* v. *Lumber Co.,* 47 Wis. 326, it was held that production of a recorded mortgage, for one made descriptive of excepted land, and found to be contradictory of other descriptive terms used, was not proof of the non-existence of an unrecorded mortgage, accordant with the description in the deed. No particular form is essential to an exception. Plain expression of intent to except and descriptive matter by which the subject of the exception can be identified always suffice. These authorities compel us to say the exceptions are not void for uncertainty.

Impossibility of locating the excepted land is the burden of complaint against the application of the rule of practice above mentioned. This has not been shown. The record discloses no evidence of any effort to locate them. For aught that appears, the deeds may be recorded and cover the land in controversy. No witness testifies to any unsuccessful effort of any kind to locate them. Whether proof of inability to do so would vary the rule of practice we are not called upon to say, since the record discloses none.

The form of the declaration, relied upon as dispensing with the application of the rule, pertains to the issue, not the proof. The count, particularly demanding the 35 acres, with the plea

of not guilty, clearly and sharply defines the issue for the purposes of trial and verdict, and was approved as good pleading in *Howell* v. *Coal Co.,* 36 W. Va. 489. The question we have here is one of practice, pertaining to trial and evidence, not pleading.

This conclusion necessarily and admittedly justifies the giving of the peremptory instruction, affirms the judgment and renders consideration of the additional assignments of error useless.

*Affirmed.*