MOSKIN *v.* GOLDSTEIN.

1. LANDLORD AND TENANT—JUDGMENT OF RESTITUTION CONCLUSIVE
   EVIDENCE OF UNLAWFUL HOLDING—DOUBLE DAMAGES.
   In an action against a tenant under 3 Comp. Laws 1915,
   § 13251, for double damages for the unlawful withholding
   of leased premises, a judgment for plaintiffs in proceed-
   ings for restitution under 3 Comp. Laws 1915, § 13240
   *et seq.*, in which they alleged that defendant "holds said
   premises unlawfully and against the right" of plaintiffs,
   *held*, conclusive evidence thereof.

2. SAME—NOTICE TO QUIT NECESSARY.
   A tenant holding over after the expiration of his term
   has a right to presume that he will be required to pay
   only actual damages until the landlord, by notice to quit
   or demand of possession, in effect apprises him that if
   he remains longer, he will be subject to the double damages
   provided in section 13251, and double damages may there-
   fore be recovered only from the time of said notice or
   demand.

3. SAME—COMMENCEMENT OF PROCEEDINGS FOR RESTITUTION SUF-
   FICIENT NOTICE TO QUIT.
   The beginning of proceedings before a circuit court com-
   missioner for restitution of premises alleged to be held
   unlawfully, *held*, to be sufficient demand of possession
   to entitle the landlord to double damages from the date
   of serving summons therein.

4. SAME—EVIDENCE—QUESTION FOR JURY.
   Where there was a dispute as to defendant's right under
   an option contained in the lease to renew, and defendant
   sent a check for the rent for the first month after the lease
   expired, which was returned to him, whether certain
   letters written to defendant were intended to be a demand
   for possession on the expiration of the lease on the part
   of plaintiffs, and were, or should have been, so under-
   stood by defendant, *held*, under all the circumstances,
   a question of fact for the jury.

5. SAME—SECURITY FOR RENT PASSES TO LANDLORD'S GRANTEE.
    A deposit of money, made by a tenant to secure performance under the lease, was in the nature of a continuing
    security, and, on a sale of the premises subject to the
    lease, passed to the grantees with the title, and, on the
    expiration of the lease, it was their duty to return it to
    the tenant.

6. SET-OFF AND RECOUPMENT—TORT.
    Recoupment of damages may be had in actions of tort,
    where defendant's claim arises out of the same transaction.

7. SAME—LANDLORD AND TENANT—AMOUNT DEPOSITED FOR PER
    FORMANCE OF LEASE MAY BE RECOUPED IN ACTION FOR DOUBLE
    DAMAGES.
    Plaintiffs having failed to return to defendant the amount
    deposited with plaintiffs' grantor for faithful performance
    under the lease, recoupment for same will lie in an action
    for double damages for unlawful holding of the premises
    after expiration of the lease.

Error to Oakland; Gillespie (Glenn C.), J.    Submitted October 4, 1923.    (Docket No. 27.)    Decided
December 19, 1923.

Case by Julius Moskin and another against Benjamin Goldstein for double damages for the wrongful
detention of leased premises.    Judgment for plaintiffs.    Defendant brings error.    Reversed.

*Pelton & McGee* and *James H. Lynch,* for appellant.
*Robert D. Heitsch* and *Peter B. Bromley,* for appellees.

SHARPE, J.    The defendant, a retail clothing merchant, entered into a written lease of certain premises
in Pontiac from Henry Harnack, the owner, on
August 16, 1916, for a term of five years, expiring
on August 1, 1921.    On June 2, 1921, Harnack conveyed the premises, subject to the lease, to the plaintiffs.    Defendant did not vacate at the expiration of
the term, and proceedings for restitution under section
13240 *et seq.,* 3 Comp. Laws 1915, were begun before

a circuit court commissioner, resulting in a judgment in defendant's favor.    On appeal to the circuit court, the plaintiffs had judgment for restitution and costs, which were taxed at $74.90 and paid by defendant.

In this suit plaintiffs seek to recover double damages for the period during which defendant unlawfully withheld possession from them, pursuant to section 13251, 3 Comp. Laws 1915.    This section reads:

"The plaintiff obtaining restitution of any premises under the provisions of this chapter, shall be entitled to an action of trespass on the case against the defendant, and may recover double damages from the time of the forcible entry, or forcible detainer, or of the notice to quit, or demand of possession, as the case may be."

The jury found for plaintiffs in the sum of $3,136.60. This amount the court doubled and entered judgment therefor.

1. Error is assigned on the refusal of the court to direct a verdict for the defendant for the reason that there was no proof that plaintiffs had given defendant a notice to quit or demanded possession from him. The complaint by which the proceeding for restitution was begun alleged that the defendant was in possession and that he "holds said premises unlawfully and against the rights" of the plaintiffs, as required by section 13241.    To recover, it was incumbent on plaintiffs to prove such facts.    The judgment in the restitution proceeding is conclusive evidence thereof.    Defendant's counsel seem to so concede, but insist that section 13251 provides for double damages only from the time of "notice to quit, or demand of possession," and, unless it appears that such notice was given or demand made, there could be no recovery as there would be no starting time from which to compute such damages.    The sections above referred to are a part of chapter 30 of Act No. 314, Public Acts of 1915 (the judicature act of nineteen hundred fifteen).    The first eleven sections contain

"Proceedings to Recover the Possession of Land in Certain Cases of Forcible Entries and Detainers." The seven sections following provide "Summary Proceedings to Recover the Possession of Land in Other Cases." These are followed by eleven sections containing "General Provisions," applicable alike to both. Among them is section 13251, above quoted. If a landlord permits a tenant to hold over after the expiration of his term, his holding may be unlawful and yet he may not be held liable for double damages until the landlord has either given him notice to quit or demanded possession from him. We are impressed that this language was used in the enactment to prevent injustice, in view of its penal nature. The tenant has a right to rely on the fact that he will be required to pay but actual damages until the landlord apprises him, in effect, that if he remains longer he will be subject to. the double damages provided. Thus far we are able to accede to the claim of the defendant, but we are of the opinion that the beginning of the proceeding before the commissioner was a demand of possession of the most positive character. The summons was served on August 8th. Had the defendant vacated on that day, he would have been liable for the fair rental value for the eight days, but not to have it doubled under the statute. This time should have been excluded in determining the damages which plaintiffs here claim. We have not overlooked the claim that a demand of possession was made in certain letters to defendant written by "Moskin Bros." and their attorney, dated July 7 and July 21, 1921, respectively. Moskin Brothers were not defendant's landlords. It appears from the record that there was some dispute over defendant's rights under an option contained in the lease to renew for a further period. On August 1st, defendant sent plaintiffs a check for the August rent. It was returned to him. Whether the letters written were intended to be a demand for

possession on August 1st on the part of plaintiffs, and were, or should have been, so understood by the defendant, under all the circumstances, presented a question of fact for the jury.

2. The lease from Harnack to Goldstein contained the following:

"Second party shall deposit with first party the sum of $700 in cash to be retained by first party during the full term of this lease as security against loss by first party in making a new front and painting and papering the said building.     Said sum to be returned to second party on the performance of all of the conditions of this lease, to be performed by second party and in the event of forfeiture of this lease by reason of any act, failure or omission on the part of second party said sum shall be retained by first party absolutely as stipulated damages for such failure to perform, forfeiture or omission.     In the event that second party shall faithfully perform all the conditions of this lease and shall be entitled to the return of said sum at the end of said term, first party shall pay second party interest on said $700 at the rate of 5 per cent. per annum.     *     *     *

"It is expressly stipulated that the time of payment of the said several monthly instalments of rental is of the essence of this contract and that in the event that second party shall fail to promptly pay to first party any monthly instalment when the same is due on the first day of any month during said term, at first party's residence, No. 5 Williams street, Pontiac, Michigan, then this lease shall be forfeited, revoked and canceled and second party shall immediately forfeit any and all rights hereunder, without notice, and shall forfeit said $700 which shall become the property of first party absolutely."

The deed from Harnack to plaintiffs was made subject to this lease.     The conveyance of the property by warranty deed by Harnack to the plaintiffs transferred to them all rights to enforce payment of the rent reserved in the lease from Harnack to defendant.     The deposit of $700, made by defendant to

secure performance under the lease, was in the nature of a continuing security and passed to plaintiffs with the title. *Hansen* v. *Prince*, 45 Mich. 519; *Edwards* v. *Clark*, 83 Mich. 246 (10 L. R. A. 659). They then became the landlords to whom defendant must pay the rent. It was thereafter paid to them. On the expiration of the lease, it was their duty as landlords to return to defendant the money he had deposited with Harnack to secure performance under the lease pursuant to its terms.

3. It is urged by plaintiffs' counsel that, as this action is brought in trespass under the statute, recoupment of damages in the amount of the deposit and interest will not lie. It is, we think, well settled in this State that recoupment of damages may be had in actions of tort. *Ward* v. *Fellers*, 3 Mich. 281; *Chandler* v. *Childs*, 42 Mich. 128. See later cases, cited in annotation to section 12477, 3 Comp. Laws 1915. Defendant's claim arises out of the same transaction, the tenancy of the premises in question, and it is the policy of the law, in order to avoid a multiplicity of suits, to permit recoupment in such cases. On the record as now presented, there is no dispute as to the amount to which defendant is entitled. It can be ascertained by the court after verdict as a matter of law and deducted from the doubled damages before entering judgment. Should a question of fact be presented, it may be submitted to the jury and a verdict also rendered for the defendant for the amount to which he is entitled therefor. A judgment in the proper amount may then be entered. *Hendrickson* v. *Walker*, 32 Mich. 68. See note in 24 L. R. A. (N. S.) 58.

The judgment is reversed, with costs to appellant, and a new trial ordered.

WIEST, C. J., and FELLOWS, McDONALD, CLARK, BIRD, MOORE, and STEERE, JJ., concurred.