WILLIAM M. BOBBITT, Appellant, v. CHARLES S. VAN EATON et al., Appellees.

No. 37221.

MAY 8, 1928.

OPINION ON REHEARING JUNE 24, 1929.

*P. E. Roadifer* and *J. A. Singhaus*, for appellant.

*Robertson & Havens*, for appellees.

DE GRAFF, J.—Plaintiff in his petition at law predicates his recovery on contract, partly in writing and partly oral. No dispute arises as to any phase of the written instruments involved  in the pleadings or the evidence. It is only the alleged oral agreements which provoke the legal quarrel. The trial court, in one of the instructions given, correctly puts the issue in the following language:

"And the only material matters for you to determine in this case are those relating to the alleged oral conversations and contracts set out by the respective parties."

The facts disclose that, on the 11th day of June, 1919, the plaintiff (appellant) was the owner of certain Harrison County, Iowa, real estate, and on that date he entered into a written contract with the defendants to sell and convey to them the said real estate at an agreed price of $18,000, payable as follows: $1,500 at the time the contract was executed; $2,500 on or before the first day of March, 1920 (which was paid); $6,000 on or before the first day of March, 1923; and the payment of an $8,000 first mortgage then outstanding against the land.

It further appears that the warranty deed called for by the contract was executed by the plaintiff and delivered to one R. F. Perrin, for a recited consideration of $20,000, subject to the outstanding mortgage of $8,000 on said land, which mortgage Perrin assumed and agreed to pay, with interest from March 1, 1920, at 6 per cent; and Perrin also executed to grantor (plaintiff) his note for $6,000, secured by a second mortgage on the land in question. This $6,000 note was sold by plaintiff to the First National Bank of Takamah, Nebraska. Both the first and second mortgages were foreclosed, and the assignee of the second mortgage

protected himself by purchasing the interest of the mortgagee of the senior mortgage.

We now turn to the pleadings of the respective parties. The petition alleges substantially (1) the written contract of sale known in this record as Exhibit A, whereby plaintiff agreed to sell and convey to the defendants the land in question under the conditions heretofore and herein stated; (2) the resale by plaintiff to one R. F. Perrin of the land in question, which was under the conditions named in the deed known as Exhibit D in this record; (3) an oral agreement between the parties herein that the defendants would in no manner be released from the liability under the written contract, Exhibit A, by plaintiff's conveying the land by deed to Perrin. The plaintiff, therefore, had the burden of proof to establish by preponderance of the evidence these essential allegations of his petition.

The primary disputed fact question to be established by plaintiff is correctly stated by the trial court in Instruction 4, as follows:

"The plaintiff having executed the deed to the land in controversy to R. F. Perrin, and having accepted the cash payments and the note and mortgage from R. F. Perrin, as referred to, would, in the first instance, be presumed to have accepted them in full satisfaction and fulfillment of the contract; and if he did so execute the deed and accept the cash and note and mortgage in fulfillment of the contract, then he cannot recover in this case. The plaintiff, however, claims that, before or at the time of the execution of the deed conveying said land to R. F. Perrin, he had an oral contract, which, as above stated, consisted largely of communication by telephone, to the effect that, notwithstanding the execution of the papers in the manner above described, the original defendants should still be liable to him on contract, Exhibit A: that is, in executing the deed to Perrin, instead of the defendants, and in accepting the cash payments, as stated, and the note and mortgage from Perrin, he did not release the defendants from their obligation to make full payment of the amount required by said contract."

What did the defendants plead, whereby the issues were joined?

The defendants filed an answer admitting the written instru-

ments, as pleaded, but denied the oral agreement, and pleaded affirmative defenses: one of substitution,,or novation, and the other of an oral contract alleged by them to have been made in the fall of 1919, to the effect that plaintiff was to accept the $6,000 note of Perrin and the second mortgage securing ·the same, instead of a note and mortgage for like amount from defendants. Trial was had on these issues, and, upon the conclusion of testimony, without a request by either party, and over the protest of plaintiff, the court submitted two interrogatories, and requested a special verdict.

Interrogatory No. 1 had to do with the alleged defense of the oral agreement in the fall of 1919, as recited in defendants' answer. This interrogatory was answered in the negative, and in effect, left the answer as though the defendant had pleaded only a general denial. The second special interrogatory involved the ultimate fact to be determined by the jury, and related to the oral contract as pleaded by plaintiff in his petition: that is to say, whether the evidence, by a preponderance thereof, established the fact that, about March 1, 1920, the plaintiff and the defendants had a conversation or communications under and by the terms of which it was orally agreed that, in executing the deed by plaintiff to Perrin, instead of to defendants herein, the latter were not to be released from obligation under the·written contract of sale, known as Exhibit A. This interrogatory was answered, ''No.''

Thereupon, the defendants moved the court for judgment for costs against the plaintiff. This motion was sustained, and judgment was entered accordingly. It is from this judgment that this appeal is taken.

The pivotal and controlling factor in this case involves the special verdict of a jury in finding that there was no oral agreement, as alleged by plaintiff. Two propositions are presented:

 First, the validity of the special verdict without a general verdict; second, the effect of the failure of plaintiff to prove the oral part of the contract, as declared upon by him in his petition..

The statutes of this state, Sections 11511 to 11514, inclusive, Code of 1924, deal with a verdict of a jury. We discover nothing therein making a special verdict dependent upon the jury's first returning a general verdict, any more than it may be inversely

declared that a general verdict is dependent upon a special finding. Indeed, this case exemplifies the wisdom of independence between the two, general and special verdicts, for the reason that, if the jury had rendered a general verdict in favor of the plaintiff (appellant), and also rendered a negative special verdict, as it did do, to the effect that there was no oral agreement, as plaintiff alleged, a general verdict in favor of the plaintiff could not stand. The verdict of a jury is either general or special.

"A general verdict is one in which they pronounce generally for the plaintiff or for the defendant upon all or upon any of the issues." Section 11511.

The statute defines a special verdict as one "in which the jury finds facts only; it must present the ultimate facts as established by the evidence, and not the evidence to prove them, so that nothing remains to the court but to draw from them its conclusions of law." Section 11512.

It appears, therefore, that the sole requirement upon which to predicate a special verdict is that the interrogatory submitted by the court presents the ultimate facts, leaving nothing to the court but to draw from them its conclusion of law. This is not only the holding of this court, but of other courts of last resort; and the ruling is to the effect that a finding of facts in answer to special interrogatories which cover all the facts necessary to enable the court, as a matter of law, to pronounce judgment, may be treated as a special verdict. See *Hendrickson v. Walker,* 32 Mich. 68; *Johnson v. Ashland Lbr. Co.,* 47 Wis. 326 (2 N. W. 552). In *Farmers Sav. Bank v. Forbes & Son,* 151 Iowa 627, the question is asked:

"Was the trial court justified in ordering a judgment against them on this special verdict, or upon the answers to the special interrogatories? It is not contended, nor could it well be, under the record before us, that there was a general verdict in plaintiff's favor, and the judgment must find support in the answers given to the special interrogatories taken in connection with the pleadings."

The opinion of this court, speaking through Deemer, J., continues:

"We shall not take time to consider whether or not there is any distinction between answers to special interrogatories and a special verdict under our statute, and shall assume for the present that there is none. But with this conclusion, it is, nevertheless, true that there cannot be a judgment upon answers to special interrogatories unless these answers cover every issue in the case, and, when taken in connection with the pleadings (and possibly with the instructions), are in themselves sufficient to enable the court to determine which party is entitled to the judgment without referring to the testimony." (Citing cases.)

The special interrogatories in the case at bar did have to do solely with the ultimate fact which was determinative of the case, and there remained nothing for the court to do except to draw from them its conclusion of the law and enter judgment accordingly.

The plaintiff having declared upon contract, every material allegation not admitted by the defendants in answer required proof. The failure to prove this essential element, the oral part, as determined by the jury, was fatal to the plaintiff's cause of action.

The title to the land in question remained in the plaintiff until deeded to Perrin, who assumed and agreed to pay the $8,000 outstanding mortgage, and gave his note for $6,000, secured by his mortgage on this land. The question, under the allegations of plaintiff, as to the oral agreement, was for the jury to determine, and whether or not there was a substitution or novation of the original contract by reason of the alleged oral agreement. This oral agreement was an essential element of the contract as pleaded by plaintiff, as it was consistent only with the theory of plaintiff's case that the liability of defendants to plaintiff was dependent and based upon such oral agreement. Under this record, and under the theory as disclosed by the pleadings and instructions, suffice it to say that the plaintiff failed in his proof in establishing an essential element of his contract as pleaded. The jury determined the ultimate question. Wherefore, the judgment entered is—*Affirmed.*

ALBERT, C. J., and STEVENS, MORLING, and WAGNER, JJ., concur.