TREBUHS REALTY CO., INC., Plaintiff, Landlord, v. CRESCENT PIESCHELL, Defendant, Tenant.

Municipal Court of New York, Borough of Manhattan, Ninth District, June 25, 1928.

Summary proceedings to dispossess — counterclaim for unpaid balance of security — plaintiff sold property prior to foreclosure proceedings and turned over security to purchaser — Penal Law, § 1302-a, does not absolve plaintiff from personal liability.

The defendant interposed a counterclaim in this action to dispossess him. The counterclaim is to recover the amount alleged to have been deposited by him with the plaintiff as security under the lease. It appears that prior to the sale of the property in foreclosure, the plaintiff sold the property to a third person and turned over the security to it, and that after the sale in foreclosure the property was reconveyed to the plaintiff herein. Section 1302-a of the Penal Law does not absolve the plaintiff from personal liability for the amount of the deposit. The obligation of the plaintiff was personal and did not run with the land, and it is required to return the deposit made notwithstanding the sale of the land and the fact that it turned over the amount of the security to the new purchaser.

SUMMARY proceedings to recover possession of property for non-payment of rent.

*William Klein,* for the plaintiff.

*Crescent Pieschell,* defendant in person.

LAUER, J. This is a summary proceeding brought to recover possession of the premises because of the non-payment of rent of $166.66 for the month of May, 1928. The tenant conceded non-payment of the rent and seeks to counterclaim for an unpaid balance of security.

It appears that $500 was deposited by this tenant with this landlord under a written lease. This lease was subsequently cut off in foreclosure proceedings brought to foreclose a mortgage covering the premises in question. In this foreclosure proceeding the tenant was made a party. It further appears that the landlord herein, upon a sale of the property prior to the foreclosure, turned over the $500 deposited as security under the lease by the tenant to the Philip Sheila Corporation upon the transfer of title to that corporation by this landlord. It further appears that after the sale in foreclosure, the referee gave a deed to the purchaser at the foreclosure sale who in turn conveyed the property back to the landlord herein.

The landlord in this proceeding claims to be absolved from further liability to the tenant because of its compliance with the provisions of section 1302-a of the Penal Law. This section, which went into effect on September 1, 1924, by virtue of chapter 625 of the Laws of 1924, provides as follows: "Any person, firm or corporation or the employers, officers or agents thereof, whether the owner or lessee of the property leased, who has or hereafter shall have received from a tenant a sum of money or any other thing of value as a deposit or advance of rental for the full performance by such tenant of the terms of his lease and who fails or refuses on conveying such property or assigning his lease to another, at the time of delivering the deed or instrument of assignment, either to turn over to his grantee or assignee, or to such tenant, the sum so deposited, or to notify such tenant by registered mail of the name and address of such grantee or assignee and whether the same has been turned over to such grantee or assignee, shall be presumed to have committed a misdemeanor in respect thereto."

Before the enactment of this amendment of the Penal Law of this State, it was well settled in this State that the party who received the deposit remained liable to the person making the deposit even though title to the property was transferred by the original lessor. (*Pollack* v. *Jackson*, 124 Misc. 608; *Mauro* v. *Alvino*, 90 id. 328; *Sanford* v. *Zimmern*, 76 id. 434.) These cases hold that the covenant to repay the deposit made as security under a lease is a personal one and does not run with the land. A grantee of land taking subject to the lease under which a deposit has been made, cannot be held liable for its return. (*Fallert Brewing Co.* v. *Blass*, 119 App. Div. 53.)

Where a lessor has conveyed the property, transferring the deposit to the vendee, the lessee cannot recover from the vendee unless the vendee has assumed the obligation to return the deposit to the lessee. (*Cohen* v. *Birns*, 170 N. Y. Supp. 560.)

It has also been held in an action by a lessee against the original landlord that the landlord can only counterclaim for damages sustained by him before he transferred title to the property. (*Seidlitz* v. *Auerbach*, 230 N. Y. 167; *Richards* v. *Browning*, 214 App. Div. 665.)

In some of the other States it has been held that the deposit of security under a lease and the covenant to return it is one running with the land. Thus, in the State of New Jersey it was held that the transfer of the sum deposited to the new vendee operates *ipso facto* to render the vendee liable for its return. (*Kaufman* v. *Williams*, 92 N. J. L. 182, 184–186.) Likewise, in the State of Michigan the transfer of title subject to a lease renders the new owner liable for the return of the deposit. (*Moskin* v. *Goldstein*, 225 Mich. 389; 196 N. W. 415.)

It will be observed that under the section of the Penal Law before quoted, the landlord had three options in respect to the deposit upon the conveyance of property: (1) " either to turn over to his grantee or assignee " or (2) " or to such tenant, the sum so deposited," or (3) " to notify such tenant by registered mail of the name and address of such grantee or assignee and whether the same has been turned over to such grantee or assignee."

The owner of the property is not obligated to turn over the money to the new owner; nor is he obligated to turn it back to the tenant. The third option permits him merely to give a notice to the tenant and the name and address of the grantee and to state whether the money has been turned over. The statement in the third option, " whether the same has been turned over," clearly contemplates that it need not be turned over. There is no force, therefore, in the argument of the landlord that no liability can attach to it for that which it was compelled to do under the laws of this State or be guilty of a misdemeanor. It took the one option which did not protect it, whereas had it taken either of the other two, it would not have subjected itself to liability.

Under these circumstances, in the absence of any express provision in the statute changing the settled law of this State, I do not feel that I can absolve the landlord in this proceeding from the personal obligation to repay the deposit to the tenant. If it chose to turn over the deposit to the new owner, it could have protected itself by insisting as a condition upon adequate indemnity from the new owner. In pursuing the course which it did, it seems to me that it did so at its peril.

It follows that the landlord herein remains liable to the tenant for the deposit made by the tenant on the original lease. The counterclaim, therefore, must be sustained.

I understand that the tenant admits that one month's rent has been paid out of the $500 deposited, and that her claim is only in respect to one month's rent, or $166.66, paid out of the deposit. There is, therefore, due to the tenant $333.34. Of this sum $166.66 will be applied to the May rent for which this proceeding has been instituted, and the defendant will be entitled to affirmative judgment on the counterclaim to the extent of the balance of $166.68.