JOHN B. WERNER v. FRANK FLIES, Appellant.

1 Willful Trespass: TREES CUT DOWN BY ROAD SUPERVISOR. Defendant is not liable if the trees were in the road and impeded public travel, or if they constituted such an obstruction and he believed, in good faith, that they were in a public road.

2 Same: Evidence. He should have been allowed to prove that the trees were cut with plaintiff's consent, to introduce plaintiff's declarations before and after the cutting, and to state as a witness every reasonable consideration which prompted his act.

3 "Willful" defined. The word "willful," employed in highly penal statutes like section 4571, McClain's Code, does not mean willingly or purposely, but wantonly and without reasonable excuse.

*Appeal from Carroll District Court.*—HON. CHARLES D. GOLDSMITH, Judge.

FRIDAY, MAY 18, 1894.

ACTION at law to recover three times the value of certain alleged shade and ornamental trees, which the

plaintiff claims were willfully cut down by the defendant. There was a trial by jury, and a verdict and judgment for the plaintiff. Defendant appeals.—*Reversed*.

*W. R. Lee* for appellant.

*M. W. Beach* and *J. M. Drees* for appellee.

ROTHROCK, J.—The plaintiff was the owner of a farm which has an open and traveled public highway on the north line thereof. The road, as laid out, was intended to be located one half on the land of the plaintiff and the other half on the land of the adjoining owner of land. It is conceded by the parties that the road, as traveled, was not on the line. The plaintiff had set out a hedge or row of trees, and at one time stretched wire on the trees, which served the purpose of a fence. There was not room for public travel between the row of trees and the fence of the adjoining owner, except for a short distance. In the year 1889, the plaintiff ceased to use the trees for the purpose of a fence, and erected one further south. It is proper to say that the hedge or row of trees was not in a straight line, so that it was not parallel with the lines of the land. The defendant was supervisor of the road district in which the plaintiff's farm is situated. In the spring of 1890, he caused the hedge and trees to be cut down, because they were an obstruction to public travel, as he claimed. The plaintiff bases his action upon section 4571, McClain's Code, which is as follows: "For willful trespass in injuring any timber, tree, or shrub on the land of another, or in the street or highway in front of another's cultivated ground, yard or town lot, or on the public grounds of any town, or any land held by this state for any purpose whatever, the perpetrator shall pay treble damages at the suit of

any person entitled to protect or enjoy the property aforesaid." After the trees were cut down, a survey of the road was made, by which it appears that some of the trees which were cut down were on the plaintiff's land, and south of where the travel had been before that time. It is not our purpose to set out the pleadings further than to say that the defendant answered the petition by the claim that the trees and hedge were of no value,—were not ornamental or shade trees; that before defendant did the acts complained of, most of the trees and old fence row had been cut down and carried away by others, and that what remained were an obstruction to travel and were rightly cut down; that when plaintiff erected a fence south of the trees and hedge, in 1889, he dedicated the land north of the fence to the public for a highway; and that he requested the plaintiff to erect the new fence, so that he, the defendant, could clear out the small trees, stumps, and brush in the road; and that the defendant removed the trees, stumps, and brush with the knowledge, acquiescence, and consent of the plaintiff, and that the plaintiff, by reason of the premises, is estopped from claiming any damages of the defendant.

There are very many assignments of error. We will consider those only which we think present questions material to the rights of the parties. It is to be remembered that this is an action based upon a statute which is highly penal in its provisions. The trees for which the plaintiff claims damages were within the line of the public road, as indicated by the plaintiff's fence inclosing his land. The defendant is not liable in damages at all if the plaintiff moved his fence back so that the trees could be removed, and their removal was necessary for public travel. He is not liable if he, in good faith, believed that the lawful road was between the fence of the adjoining owners, and the trees were an obstruction to public travel,

and no more than single damages could be recovered in any event, unless the act of the defendant was willful.

We make these general observations because the court refused to allow the defendant to prove the declarations of the plaintiff to the effect that he acquiesced in and consented to the cutting of the trees. This evidence should have been admitted; and it is immaterial whether the declarations were made before or after the acts of which he now complains. And the court should have allowed the defendant to state as a witness every reasonable consideration which prompted him to order the trees cut down, as bearing upon the fact whether the act was willful. It is a mistake to suppose that a willful act, which authorizes the recovery of treble damages, means simply "willingly or purposely," as claimed by counsel for appellee. It means an act done wantonly, and without any reasonable excuse; as, for instance, if the defendant in good faith believed that the road was within the lines of the fences, and that the trees were obstructions to travel, he should have been allowed to so show. Again, the removal of the wire from the hedge, and the erection of the new fence, and the acts and declarations of the plaintiff, were sufficient to demand an instruction that the jury should consider the same upon the question tendered by the answer that the plaintiff had dedicated the land between the fence and the hedge to the public. It is unnecessary to further elaborate the case. The instructions of the court to the jury were to the effect that under the evidence the only question for the jury "to determine was the value of the trees, brush, and shrubs admitted to have been cut." We think this was erroneous. If the defendant had been permitted to show the declarations and admissions of the plaintiff, and the facts and circumstances under which he acted, the case might have presented an entirely different aspect; and, in any event, the court should have in-

structed the jury upon the question whether the act was willful, wanton, and without reasonable excuse, as bearing upon the claim for penal damages. The judgment of the district court is REVERSED.