## A. D. PARKER v. W. D. PARKER AND D. S. PARKER, Appellants.

**Malicious Prosecution:** EVIDENCE OF MALICE. In an action against W and another for malicious prosecution, it appeared that W owned a farm leased to plaintiff; that plaintiff cut some dead timber on the land used as a pasture, and hauled two loads near the house; that defendants unsuccessfully prosecuted him for wilful trespass; and that, prior to the alleged trespass, W and an attorney tried to induce plaintiff to surrender the lease he then had, and take a new one with different conditions. *Held,* that it was proper to admit evidence that the attorney then told plaintiff in W's presence, that, if he complied, he would avoid litigation which would cost plaintiff so much that he would leave the farm without a dollar, and that litigation followed; and it was also proper to admit evidence that the other defendant sued plaintiff and had threatened to harass and annoy him with litigation.

SAME. Plaintiff in an action for malicious prosecution based upon his arrest for an alleged wilful trespass in cutting down and removing timber injured by a cyclone on land rented from defendant, may testify that his object was to make the land available for pasture, for the purpose of negativing a wilful removal of the timber.

SAME. Evidence that defendant in an action for malicious prosecution, prior to the acts on which action is based, advised an employee of the plaintiff, who was a stranger to him, to leave such employment, and offered to obtain him another job, is admissible on the question of motive in causing the arrest, where the parties are brothers.

SAME. Malice essential to an action for malicious prosecution may be, but is not necessarily to be, inferred from want of probable cause.

SAME. The slight value of timber cut and removed from land is relevant upon the question of motive in an action for malicious prosecution based upon an arrest for an alleged wilful trespass in the cutting and removal of such timber.

ADVICE OF COUNSEL. Defendant, to avail himself of the advice of an attorney to rebut the charge of malice, need not lay all the facts before him, but he must lay before him all the facts within his knowledge, and which he could ascertain by the exercise of reasonable diligence.

Evidence: TRAMPS AS WITNESSES. That a witness is a tramp is not ground for excluding his evidence.

Trespass: WILFUL DEFINED. The term "wilful" in Code, section 3988, making it an offense to wilfully commit a trespass by cutting down timber on another's land or carrying the same away, does not necessarily involve an intent to injure the owner of the land, but it is sufficient if the accused knew that the act was a violation of the owner's rights, or was careless as to whether it was or not.

*Appeal from Calhoun District Court.*—HON. Z. A. CHURCH, Judge.

THURSDAY, MAY 27, 1897.

ACTION for malicious prosecution. Trial to jury. Verdict and judgment for plaintiff, and defendants appeal.—*Reversed.*

*O. J. Jolley* for appellants.

*D. M. Kelleher* and *Botsford, Healy & Healy* for appellee.

LADD, J.— The defendant W. D. Parker leased to his brother, the plaintiff, his farm, consisting of two hundred and forty acres, near Pomeroy, Iowa, for a term of three years, beginning March 1, 1893. There was a grove of timber trees on this farm about sixty rods from the house. On July 6, 1893, a cyclone swept through that section, twisted some of the trees off, tore others out by the roots, and broke and slivered the tops and trunks of many more. Grass grew in the grove and it was used as a pasture. On December 6, 1894, the plaintiff and his employes entered the grove, and during the forenoon cut the dead timber,—that torn and twisted, and the tops, when dead,—but did not cut the thrifty, growing trees. One load ,at least, was hauled to the house. About 2 o'clock in the afternoon the defendants drove to the grove, and W. D. Parker warned

the plaintiff to cut and haul away no more timber. The employes finished cutting one tree, and thereafter trimmed some that had been cut down, and hauled another load to the house. About 3 o'clock the defendants filed an information with a justice of the peace, charging plaintiff with the crime of wilful trespass, committed by cutting down, destroying, and carrying away timber or wood growing or being on the land of another, alleging the value thereof to be one hundred dollars, which was afterwards reduced by amendment to forty dollars. The plaintiff was arrested and released on his own recognizance. On hearing, he was acquitted, and the costs taxed to the prosecuting witness. In this action he claims damages on the ground that the prosecution was malicious and without probable cause.

I. Evidence is admissible tending to show the relation existing between the parties prior to the prosecution. It appears that W. D. Parker, with an attorney, visited plaintiff for the purpose of inducing him to surrender the lease he then had, and take a new one, with different conditions; and, in the course of the conversation there, the attorney, in presence of defendant, told plaintiff, in substance, that he had better comply, and thus avoid litigation which would cost the defendant one or two thousand dollars, and the plaintiff so much that he would leave the farm without a dollar. The object of the visit was not attained, and litigation did follow. Evidence of this conversation, and of the fact that suit was brought in pursuance of the veiled threat to do so, was certainly admissible, as tending to show the feelings of the defendant. Brothers rarely engage in litigation, and when they do it is usually the result or occasion of ill will and hostility. Evidence was also admitted tending to show that D. S. Parker sued the plaintiff, and that he had threatened to harass and annoy him with litigation. It was properly received. The mere fact of a civil action being brought

by one party against another might not indicate any ill feeling, but, when previously threatened, and the parties are closely related and not on friendly terms, would tend to explain the motive in subsequently begin- ning a criminal prosecution without reasonable cause.

II. The court allowed plaintiff to testify that he was clearing out the grove so that he could use the land for pasture, and not for the purpose of burning the wood. The only fact tending to show what the plaintiff intended to do with the wood was the hauling of two loads near the house. Doing this did not remove it from the farm, but to another locality on the same premises. Knowledge of his object in doing this would aid the jury in determining whether he was wil- fully carrying away or destroying the timber as charged.

III. One Bower testified that, while he was in the employment of plaintiff, D. S. Parker advised him to be careful about getting his money, and told him of a place where he was, sure to get it. Afterwards, both defendants told him of a man wanting help and advised him to quit working for plaintiff. Bower was a stranger. That defendants should interest them- selves to induce help to quit the employment of plain- tiff can be explained in no other way than by attributing their action to ill feeling. For the purpose of showing this, the evidence was admissible. The main objection urged by appellants is that Bower was a tramp, and unreliable. That he was a man without a home or occupation might well be considered by the jury in weighing his testimony, but would hardly justify the court in excluding it.

IV. The court told the jury that "the law is that malice may be, but is not necessarily, inferred from such want of probable cause." The appellants say that want of probable cause is only a circumstance to be considered with other evidence as tending to show malice, but is not sufficient in itself. It would seem that this question ought to be at rest. An

intelligent being is presumed to do and act for some purpose, and, if he prosecutes another without reasonable cause for believing him guilty of the offense charged, his motives are the subject of just suspicion. They may be proper, but, under such circumstances, are not so presumed, nor are they presumed to be improper. The jury are permitted to determine the purpose and design of the prosecutor from the circumstances attending the prosecution. These are sometimes such as to conclusively establish an honest purpose, but, ordinarily, the motive of the prosecutor is the subject of inference from want of probable cause. The instruction correctly stated the law. *Center v. Spring*, 2 Iowa, 393; *Paukett v. Livermore*, 5 Iowa, 277; *Ritchey v. Davis*, 11 Iowa, 124; *Smith v. Howard*, 28 Iowa, 51; *Walker v. Camp*, 63 Iowa, 627; 2 Greenleaf, Ev. section 453; Newell, Mal. Pros. 247.

V. The court instructed the jury that the value of the timber claimed to have been carried away or destroyed might be considered in determining the animus of the plaintiff, and the motive of the defendants in filing the information. There was evidence tending to show that W. D. Parker had offered to sell all the injured timber in the grove for five dollars, and all that was cut and hauled did not much exceed such amount in value when reduced to cord wood. In the apt words of Judge Beck in *Olson v. Neal*, 63 Iowa, 214: "The facts of the transaction should be known, and the value of the timber which was the subject of the trespass was a material fact which would aid in determining the animus of the plaintiff in taking it, and the motive of the defendant in instituting the prosecution. Men do not usually commit wilful trespass, subjecting them to punishment, by taking property of inconsiderable value; nor do they in good faith, for the purpose of vindicating the law, institute prosecutions against others

for such offenses where the injury is trifling." See *Woodworth v. Mills* (Wis.) 20 N. W. Rep. 728. The language quoted is especially applicable to this case.

VI. In instruction 10 the court told the jury that, in order to find that the defendants had probable cause for beginning the prosecution, it must appear that they honestly believed that W. D. Parker owned the land and timber thereon, and that plaintiff entered the land, knowing he had no right so to do, and that "the defendants, W. D. Parker and D. S. Parker, honestly believed that plaintiff was trespassing upon the land, and was destroying and carrying away the timber, and that he was doing so wilfully, and with the intent to injure the defendant W. D. Parker." We do not think this is a correct statement of the law. Section 3983 of the Code, in so far as applicable, is, "If any person wilfully commit any trespass by cutting down or destroying any timber or wood, standing or growing on the land of another; or by carrying away timber, or wood, being on such land," he shall be punished. "Wilful," as used in a penal statute, is not synonymous with "voluntary," nor does it necessarily involve the element of malice. In construing a statute, the object to be reached must be considered. At common law, a mere trespass was not indictable, and civil action was the only remedy, which in many instances proved entirely ineffectual. Fences might be thrown down, timber cut or destroyed, or other injury done to property, without incurring a penalty, as an indictment for malicious mischief would not lie unless the acts were malicious. To better protect the owner in the enjoyment of his property, the law was so modified as to eliminate malice as an essential ingredient of the crime. And yet, with this out, it could not have been the purpose to punish for intentionally, though innocently, doing an act. It is therefore uniformly held that the

term "wilful," in such statutes, not only means intentionally or deliberately done, but with a bad or evil purpose, as in violation of law, or wantonly and in disregard of the rights of others, or knowingly and of stubborn purpose, or contrary to a known duty, or without authority, and careless whether he have the right or not. *State v. Massey*, 97 N. C. 465 (2 S. E. Rep. 445); *Savage v. Tullar*, Brayt. 223; *Commonwealth v. Kneeland*, 20 Pick. 206; *State v. Clark*, 29 N. J. Law, 96; *State v. Whitener*, 92 N. C. 798; *U. S. v. Three Railroad Cars*, 1 Abb. U. S. 196; *State v. Preston*, 34 Wis. 675; *Werner v. Flies*, 91 Iowa, 146. Now, some of the standing or growing trees were cut. Doing so wilfully constituted the offense charged in the information. Whether they were thrifty or dead is immaterial, except in determining the purpose. Some of the wood was hauled away. Its destruction was not necessary to complete the offense. But, as its removal was simply from one locality on the leased premises to another, it must appear that the carrying away was with an improper purpose, as for that of appropriation, destruction, or the like. That the land belonged to W. D. Parker, and the lease did not authorize the acts of plaintiff, are conceded. It follows that if the plaintiff intentionally cut or destroyed, or caused to be cut or destroyed, any of the standing or growing wood or trees, and in so doing knew he was acting without right or authority, or did so wantonly or recklessly, and in disregard of the rights of the owner, he was guilty. So, too, if he intentionally carried away any of the trees or wood for his own use, to burn or destroy or otherwise appropriate, and did so knowing the property to belong to another. While an intent to injure the owner would be sufficient to establish a bad purpose, such intent is not necessarily involved. Indeed, the very opposite might be true, and the accused be guilty. To cut out dead or trim live trees might be a positive benefit to the owner

of the land, and the accused so believe; yet if he does this intentionally, and knowing that he has no right to do so, he is guilty of the offense defined in this statute.

VII.   Instruction 17 was not applicable.   No evidence of the bad character of any witness was introduced.   The law does not require a party, in order to avail himself of the advice of an attorney to rebut the charge of malice, to lay all the facts before him, as the jury were told, but only those within his knowledge, and which he could ascertain by the exercise of reasonable diligence.   Other exceptions are argued, but are not of sufficient merit to require consideration.   Owing to the error referred to, the judgment must be REVERSED.