CASE   5.—ACTION BY MARY M. TAYLOR AND OTHERS
       AGAINST CALVIN JONES AND OTHERS.—Decem-
       ber 17, 1909.

## Jones, &c. v. Taylor, &c.

Appeal from Bourbon Circuit Court.

R. L. STOUT, Circuit Judge.

Judgment for plaintiffs, defendants appeal.—Re-
versed.

1.  Appeal and Error—Review—Facts Admitted by Demurrer.—
    In determining whether an answer states a good defense,
    the statements therein admitted by demurrer must be ac-
    cepted as true on appeal.
?   Landlord and Tenant—Failure of Tenant to Deliver Posses-
    sion—Penalty—Double Rent—Construction of Statute.—Ky.
    St. Sec. 2293 (Russell's St. Sec. 4551), providing that a tenant
    whose term expires at a certain time, who shall refuse to
    deliver possession, shall pay to the landlord double rent,
    was enacted to prevent a tenant from wrongfully withholding
    the property without having cause to believe that he could
    rightfully do so; and if, actuated by such a belief, a tenant
    resists the landlord's attempt to deprive him of the property,
    he is not liable for double rent.
3.  Landlord and Tenant—Tenant Holding Over—Penalty—Good
    Faith of Tenant—Question of Fact.—Whether a tenant holding
    over acts in good faith is a question of fact; and, to prove
    good faith, he may show that he laid his case before a com-
    petent attorney, and was advised that he had a contract right
    to remain in possession of the premises.

TALBOTT & WHITLEY for appellants.

E. M. DICKERSON & RUSSELL MANN for appellees.

OPINION OF THE COURT BY JUDGE CARROLL—Re-
versing.

This is the second appeal of this case. The former opinion may be found in 104 S. W. 782, 31 Ky. Law Rep. 1148. From the facts therein stated it appears that Jones under parol contracts rented and cultivated the farm of Mrs. Bedford for the year beginning March 1, 1904, and ending March 1, 1905, and for the year beginning March 1, 1905, and ending March 1, 1906—the agreed rental each year being $500—and that Jones, insisting that he had again rented the farm for the year beginning March 1, 1906, refused to surrender possession of the premises on March 1, 1906. Upon his refusal to surrender possession Mrs. Bedford obtained a writ of forcible detainer against him. On the trial of this writ a jury in the country found Jones not guilty, but upon a traverse in the circuit court he was found guilty of forcibly detaining the premises, and a judgment of restitution awarded Mrs. Bedford. From this judgment Jones prosecuted an appeal to this court, which affirmed the judgment of the lower court; the judgment of this court becoming final on November 27, 1907. In 1908 this action was brought against Jones and his secureties in a supersedeas bond executed to stay the judgment of the circuit court, to recover $500, the reasonable rent of the premises for the year beginning March 1, 1906, and also $500 additional, as double rent for his wrongful refusal to deliver possession of the premises for the year 1906. In his answer Jones did not dispute the right to recover rent, but resisted the attempt to make him pay double rent. He set up, in substance, that he contested the efforts of Mrs. Bedford to recover the premises because he in good faith believed that he had rented the same from her for the year beginning March 1, 1906; that pending the dis-

position of the appeal in the Court of Appeals, and until its judgment was entered in the circuit court, he remained in possession of the premises; that he did not prosecute the appeal or remain in the ocupation of the premises with any desire to wrongfully keep Mrs. Bedford out of possession, but because he believed in good faith that the judgment of the Bourbon circuit court would be reversed upon appeal; that before March 1, 1906, he employed and advised with competent attorneys concerning the dispute between himself and Mrs. Bedford, and placed them in full possession of all the facts relating to the matter, and, after being so informed, the attorneys advised him that he could retain possession of the premises for the year beginning March 1, 1906, and, acting upon their advice, he resisted the efforts of Mrs. Bedford to evict him, and prosecuted the appeal from the judgment of the Bourbon circuit court to this court. To this answer a general demurrer was sustained, and, declining to plead further, a judgment was rendered against Jones for $500, the reasonable rent of the place for 1906, and for the further sum of $500 as double rent. Jones paid the $500 adjudged against him as rent, and all of the cost of the action, and prosecutes this appeal only from so much of the judgment as requires him to pay $500 as double rent.

The only matter for our decision is, Did the answer of Jones present a good defense to so much of the action as sought to recover double rent? In the consideration of this question we must accept as true the statements in his answer, which were admitted by the demurrer. Section 2293 of the Kentucky Statutes (section 4551, Russell's St.), under which double rent was allowed by the lower court, reads as follows: "A tenant who, after having given notice of his intention

to quit possession of the premises, fails to do so at the time specified, or a tenant whose term expires at a time certain who shall refuse to deliver possession, or a tenant who, having entered under an agreement to dispense with notice, refuses to deliver possession when the same is demanded, shall pay to the landlord double the rent he would have otherwise been bound to pay, to be computed from the time he should have surrendered possession, recoverable in same manner as original rent. If, by the contract, the term is to expire at a time certain or notice to quit is dispensed with, none need be given." This statute is substantially a copy of an English statute passed during the reign of George II. The English statute provided that if a tenant willfully held over, he should be liable for double rent, and it was decided by the English courts in several cases that, if a tenant remained in possession under a fair, though mistaken, claim of right, he was not liable to an action for double rent, and that the question of whether his right to hold over was bona fide or mere pretense was for the jury. Wood's Landlord & Tenant, sec. 485; Woodfall's Landlord & Tenant, p. 584.

In Swinfen v. Bacon, 6 Hurlstone & Norman's English Reports, p. 845, Chief Justice Cockburn said, in a case involving the construction of the English statute: "Ever since the case of Wright v. Smith, 5 Esp. 203, 215, decided more than half a century ago, the interpretation put upon St. 4 Geo. II., c. 28, has been that when a person holds over, not contumaciously as against the person entitled to the possession, but under a bona fide belief that he has a right to do so, the statute does not apply. I think it would be very mischievous, as well as contrary to the true construction of the act, if we were to hold otherwise, for I am

strongly of opinion that 'willfully' holding over applies only when a tenant holds over in the absence of a bona fide belief that he is justified in doing so.  In the present case the defendant, who held under the testator as tenant from year to year, accepted a fresh grant from the devisees.  After that he found the heir at law disputing the will, and was in doubt whether he was tenant to the heir at law or the devisee, not knowing whether the devisee had power to grant him a fresh term or not, but bona fide believing that the grant was inoperative.  It is in fact admitted that the defendant acted under a bona fide belief that Captain Swinfen had the better title, and that the devisee had no title.  We do not think that this is a case to which the statute was intended to apply.  It has been long held, and we think rightly, that the statute applies only to the case of a tenant who holds over though he is conscious that he has no right to retain possession."  In Aull v. Bowling Green Opera House Co., 114 S. W. 284, we had before us a case in which a landlord was seeking to recover double rent under the statute, and we said: "As we construe this section, it means that if a tenant, knowingly and wrongfully, remains in the possession of property, not believing, nor having any reason to believe, that he has a right to remain in possession thereof, refuses to deliver to his landlord possession of the property, then he may be adjudged to pay double rent.  The case before us is not of that character.  Appellant had what he had reason to believe was a binding contract with the landlord, which permitted him to remain in possession of the property, as tenant, for a term of three years, and such a contract as courts might differ as to the effect of, and his remaining in possession of the property under such circum-

stances, ought not to place upon him the liability of paying double rent, and the court did not err in failing to charge him with it.''

In the light of these authorities, which accord with our views of the proper construction of the statute, the answer presented a defense upon which Jones was entitled to a jury trial. If he in good faith, based upon reasonable grounds, believed that he had a valid contract with Mrs. Bedford, under which he had the right to remain in possession of the rented premises upon the payment of the rent agreed upon, and, actuated by this belief, resisted her efforts to deprive him of the property, he is not liable for double rent. The statute was enacted for the purpose of preventing a tenant, to the prejudice and loss of the landlord, from wrongfully withholding the property without having in good faith cause to believe he could rightfully do so. And so, unless it appears that in refusing to deliver the possession the tenant is acting in good faith, produced by an honest belief, based on reasonable facts and circumstances, he can not escape the penalty for his refusal to deliver possession acording to the contract or when his term expired. The tenant can not relieve himself from the statutory penalty by the mere statement that he believed he had a right to hold the premises. He must furnish reasons sufficient to induce a jury or court hearing the case to believe that he in good faith, based upon reasonable grounds, believed he had a right to remain in possession. Whether a tenant acts in good faith is a question of fact, and it is admissible for him to show that he laid his case before a competent attorney, and was advised that he had a contract right to remain in possession of the premises. But evi-

dence as to the advice of counsel will not be compe-
tent, unless the client placed before him all the facts
in his possession relating to the case.

Wherefore, the judgment is reversed, with direc-
tions to the court below to grant a new trial in con-
formity with this opinion.