F. M. AIKEN, INC., *v.* SOLOMON.

1. JUDGMENT—LANDLORD AND TENANT—SUMMARY PROCEEDINGS—
   RES JUDICATA.
      In landlord's action to recover double damages under statute
      for detainer of possession of premises after notice to quit
      and demand of possession, judgment of ouster in summary
      proceedings was *res judicata* as to plaintiff's right to posses-
      sion on and after expiration of 90-day notice to quit which
      · had been given pursuant to provision of lease under which
      tenants had gained possession (3 Comp. Laws 1929, § 14986).

2. LANDLORD AND TENANT—DOUBLE DAMAGES—MITIGATION OF DAM-
   AGES.
      Landlord's statutory right to double damages for wrongful
      detainer of possession of premises by tenants is not barred
      by plaintiff's failure to institute summary proceedings
      promptly upon the commencement of defendants' detainer
      since defendant trespassers have profited by their own tort
      (3 Comp. Laws 1929, § 14986).

3. SAME—DOUBLE DAMAGES.
      Landlord was entitled to double damages from tenant who
      remained in possession after expiration of three-year lease
      from expiration of 90-day notice to quit, given after expira-
      tion of the lease and pursuant to express provision of it,
      until ousted under writ of restitution, where tenants knew
      landlord had leased premises to another party and refused
      to surrender possession upon expiration of lease, upon expira-
      tion of the notice, or upon repeated demands made by land-
      lord's attorney, notwithstanding summary proceedings to re-
      cover possession were delayed nearly six months after expira-
      tion of 90-day notice (3 Comp. Laws 1929, § 14986).

Appeal from Wayne; Moynihan (Joseph A.), J.
Submitted April 16, 1941. (Docket No. 9, Calendar
No. 41,176.) Decided June 2, 1941.

Case by F. M. Aiken, Inc., a Delaware corporation, against Charles Solomon and George John, partners doing business as Solomon & John, for double damages for detainer of possession of lands. Judgment for plaintiff. Defendants appeal. Affirmed.

*S. Pointer Bradley,* for plaintiff.

*Norman M. Snider* and *William J. Cody,* for defendants.

Boyles, J. This is an action of trespass on the case to collect double damages under 3 Comp. Laws 1929, § 14986 (Stat. Ann. § 27.1997), for detainer of possession of certain premises after notice to quit and demand of possession. The circuit judge heard the case without a jury and entered judgment for plaintiff with damages doubled under the statute. The facts are as follows:

. Plaintiff as owner entered into a written lease with defendants as lessees for a three-year term beginning May 15, 1933, expiring May 14, 1936, for certain property in Detroit to be used for parking-lot purposes. The lease contained the following clause:

"Provided, however, that the lessor shall have the right to terminate this lease at any time, by giving to the lessee, 90 days' notice in writing, of his intention to terminate the same."

Before the expiration of the term, negotiations were had between the parties for a renewal which, however, were not completed. Plaintiff's corporate officers were residents of New York and were represented in Detroit by an attorney. When the lease expired, plaintiff's attorney requested possession

of the premises from defendants. Defendants claimed an extension of the term for a year, basing their claim upon alleged correspondence with the New York officers of the company. Negotiations were entered into between plaintiff and another parking company culminating in the execution of a lease with said company under date of August 22, 1936. On August 26, 1936, plaintiff caused to be served upon defendants a notice to quit and to terminate tenancy, and a demand for possession of the premises on or before 90 days from date of service, viz: on or before November 26, 1936, in accordance with the covenant in the lease. On or about November 26, 1936, plaintiff's representative in Detroit again demanded possession and advised defendants they might be held in damages. Defendants refused to surrender possession. Plaintiff's representative in Detroit continued to demand possession from time to time and caused various notices to be served upon the defendants, all of which notices and demands were refused. Finally, on May 17, 1937, plaintiff gave the new tenant written authority to enter into peaceful possession, the new tenant attempted to obtain possession peaceably but was denied. Thereupon, plaintiff instituted action in summary proceedings before a circuit court commissioner to obtain possession. The proceedings were based upon the 90-day notice and demand terminating defendants' right of possession on November 26, 1936. Defendants made no defense to this proceeding and on May 24, 1937, judgment was entered and after five days a writ of restitution was issued and served resulting in the ouster of defendants from possession on June 3, 1937. Plaintiff has not accepted or received any rental from defendants since November 26, 1936, and plaintiff later brought the pending suit for double damages under the statute.

Defendants contend that plaintiff's failure to institute summary proceedings for possession "within a reasonable time" after November 26, 1936, bars plaintiff from recovery of double damages under the statute; in other words, that it was plaintiff's duty to mitigate the damages by bringing earlier proceedings for possession. Assuming there is merit to this claim, the record is quite conclusive that the facts do not justify defendants' contention. They were aware from the terms of their lease that plaintiff could terminate their tenancy upon three months' notice. Defendants not only had notice three months prior to November 26th that their right to possession would terminate on that date, but they also knew at the same time that plaintiff had leased the premises to other parties. Defendants cannot now in this proceeding challenge plaintiff's right to possession of the premises on and after November 26, 1936. The summary proceedings were based upon plaintiff's claim to possession on and after that date and the judgment of the circuit court commissioner in the summary proceedings is *res judicata* as to plaintiff's right to possession on and after that date. *Moskin* v. *Goldstein*, 225 Mich. 389.

During the time defendants were wrongfully withholding possession, plaintiff's attorney in Detroit repeatedly demanded possession. It might have been due to an excess of caution on his part that summary proceedings were not started sooner. He explains this by his uncertainty as to the truth of defendants' claim that they had obtained a renewal agreement from the New York officers; and that he was unable to obtain their attendance in court to refute defendants' claim if their testimony became necessary in a suit in Michigan. Defendants are seeking to escape the result of their own wrongful detainer by claiming that the *plaintiff* should

have mitigated their damages rather than by doing so themselves, although they were in a better position to do so.

Plaintiff's explained delay in instituting the summary proceedings does not prevent plaintiff from recovering the statutory damages resulting from the tort. 15 Am. Jur. § 27, p. 423; § 41, p. 441; 17 C. J. pp. 777, 778; *Eten* v. *Luyster,* 60 N. Y. 252. This is especially true where trespassers have profited by their tort. *Shannon* v. *McNabb,* 29 Okla. 829 (120 Pac. 268, 38 L. R. A. [N. S.] 244); *Gilbert* v. *Kennedy,* 22 Mich. 117. The statute allows plaintiff to recover double damages from the time of the notice to quit or demand of possession. The trial court correctly held defendants liable from the date of the expiration of the 90-day notice (November 26, 1936) until June 3, 1937.

Judgment affirmed, with costs to appellee.

SHARPE, C. J., and BUSHNELL, CHANDLER, NORTH, WIEST, and BUTZEL, JJ., concurred. MCALLISTER, J., took no part in this decision.