R. K. PHILLIPS, Appellee, v. L. F. CATTERSON, Appellant; IOWA TRUST AND SAVINGS BANK, Intervener, Appellee; MAHASKA STATE BANK, Intervener.

No. 46682.

FEBRUARY 6, 1945.

H. S. Life and Palmer & Spencer, all of Oskaloosa, for appellant.

Thomas J. Bray, of Oskaloosa, for plaintiff appellee.

Eichhorn & Gilbert, of Oskaloosa, for intervener appellee.

C. A. Williams, Jr., of Oskaloosa, for intervener.

MILLER, J.—In this action the plaintiff, R. K. Phillips, the defendant, L. F. Catterson, and the interveners, Iowa Trust and Savings Bank and Mahaska State Bank, all claim some interest in certain cattle in the possession of the defendant, Catterson. By an amendment to his petition, the plaintiff, Phillips, asserted that the cattle were not being furnished sufficient feed, shelter,

and care, as a result of which they had diminished in value and would continue to deteriorate in value unless they were furnished adequate feed and care; that the intervener Iowa Trust and Savings Bank holds liens on the cattle by reason of chattel mortgages, executed to secure promissory notes of $350 and $500 given by plaintiff to the bank; plaintiff is personally liable on the notes and will suffer loss if the security is destroyed; it is necessary that a receiver be appointed to take possession of the cattle, to protect the interests of both the plaintiff and the defendant, and substantial rights of neither would be infringed upon by the appointment of a receiver. The prayer of the amendment to petition was that a hearing be had and, upon such hearing, a receiver be appointed to take possession of the cattle.

The intervener Iowa Trust and Savings Bank admitted that it held chattel mortgages in the sums of $350 and $500 on forty heifers and six cows, which mortgages were signed by plaintiff and are past due and unpaid; asserted that the cattle were in the possession of defendant, were not being well cared for, have greatly diminished in value, a number have died, and, if permitted to continue in the possession of defendant, they will continue to deteriorate in value through lack of proper feed and care. The bank joined in plaintiff's prayer that a receiver be appointed.

The intervener Mahaska State Bank asserted that in August and September 1943, defendant, Catterson, executed and delivered to said bank two chattel mortgages on the cattle to secure purchase money notes of $900 and $1,587, which liens are superior to the interests of any of the parties to the litigation, and the notes are past due and unpaid; that a receiver should be appointed and the cattle should be sold under such receivership. The prayer was that a receiver be appointed to take possession of the cattle; that the intervener's liens on the cattle be adjudged to be prior, superior, and paramount to the interests of any other parties; that the cattle be sold and the proceeds therefrom be applied to pay the costs of the receivership and then applied upon the amounts due the bank, including interest and costs.

Defendant, Catterson, filed a resistance to the application

for appointment of a receiver, asserting that the cattle were in his possession, were being properly cared for and would continue to be cared for in the best possible manner; that he is able to so care for them; that he is the owner of the cattle, and that neither the plaintiff nor the intervener Iowa Trust and Savings Bank has any interest therein. The prayer was that the application for the appointment of a receiver be dismissed.

Hearing was had, evidence was introduced, and on November 17, 1944, the court found that defendant, Catterson, had possession of the cattle, described in plaintiff's original petition, which had not been sold or disposed of before the commencement of the action; that it was for the best interests of all parties that a receiver be appointed to take possession of the cattle. The court appointed Harold Lisk such receiver, directed him to file a corporate surety bond in the amount of $4,000 to be approved by the clerk and, upon qualifying as receiver, to take possession of the cattle and have the same fed, housed, and cared for until further order of the court.

On November 22, 1944, defendant, Catterson, filed notice of appeal from the order appointing such receiver. No proceedings were undertaken to have the right to so appeal granted by a justice of this court pursuant to Rule 332 of the Rules of Civil Procedure. On December 21, 1944, the plaintiff, Phillips, and the intervener Iowa Trust and Savings Bank filed a motion to dismiss the appeal, asserting that the order appealed from was not a final judgment or decision within the contemplation of Rule 331 of the Rules of Civil Procedure, but was an interlocutory ruling or decision, which required an order from a justice of this court granting the right to appeal therefrom; that no such order had been made and that more than thirty days had expired since the entry of the order appealed from. Resistance was filed by the defendant, Catterson, asserting that the order appointing the receiver was not an interlocutory order but was a final order and a final judgment, from which an appeal could be taken as a matter of right. As the question presented is one of general interest, we have undertaken to file a formal opinion herein.

Sections 12822 and 12823, Code, 1939, governed our appel-

late practice prior to the adoption of Rules of Civil Procedure by this court, pursuant to chapter 311, Acts of the Forty-ninth General Assembly. Said sections provided:

"12822 Appellate jurisdiction. The supreme court has appellate jurisdiction over all judgments and decisions of all courts of record, except as otherwise provided by law.

"12823 Appeals from orders. An appeal may also be taken to the supreme court from:

"1. An order made affecting a substantial right in an action, when such order, in effect, determines the action and prevents a judgment from which an appeal might be taken.

"2. A final order made in special actions affecting a substantial right therein, or made on a summary application in an action after judgment.

"3. An order which grants or refuses, continues or modifies, a provisional remedy; grants or refuses, dissolves or refuses to dissolve, an injunction or attachment; grants or refuses a new trial; sustains or overrules a demurrer in a law action; or sustains or overrules a motion to dismiss in an equitable action.

"4. An intermediate order involving the merits or materially affecting the **final decision.**

"5. An order or judgment on habeas corpus."

The foregoing statutes have been superseded by Rule 331, Rules of Civil Procedure, which provides as follows:

"(a) All final judgments and decisions of courts of record may be appealed to the Supreme Court, except as provided in this Rule and in Rule 333.

"(b) No interlocutory ruling or decision may be appealed, except as provided in Rule 332, until after the final judgment or order. No error in such interlocutory ruling or decision is waived by pleading over, or proceeding to trial. On appeal from the final judgment, such ruling or decision may be assigned as error, where shown to have substantially affected the rights of the complaining party."

In addition to the foregoing, Rule 332 provides for an application for leave to appeal from an interlocutory ruling or

decision and such appeal may be granted by a justice of this court if the order involves substantial rights and will materially affect the final decision and a determination of its correctness before trial on the merits will better serve the interests of justice. Rule 333 requires a certificate from the trial court if the appeal involves less than $300.

It will be noted that paragraph 3 of section 12823, Code, 1939, permitted an appeal as a matter of right from an order which granted or refused a provisional remedy. Such appeals were entertained in cases involving orders appointing or refusing to appoint receivers in Callanan & Ingham v. Shaw, 19 Iowa 183; Clark v. Raymond, 84 Iowa 251, 50 N. W. 1068; Davenport v. Thompson, 206 Iowa 746, 752, 221 N. W. 347. In the case last cited, we expressly held that the appointment of a receiver in a mortgage-foreclosure case is a provisional remedy and appealable under paragraph 3 of section 12823, Code, 1927, which was identical with that of the Code, 1939, in that respect. However, such provision does not exist in Rule 331, above quoted. The unqualified right to interrupt the proceedings by such an intermediate appeal has been abrogated. The right to an intermediate appeal is made permissive rather than absolute. Of course, the error, if any, would also inhere in the final judgment and might be raised on an appeal therefrom. However, under Rule 331, the only theory on which this appeal could be maintained would be that the order appointing the receiver was a final judgment or decision. Appellant contends that it was such. There is no merit in the contention.

Because of the fact that, since the Revision of 1860, appeals could be taken from orders which granted or refused a provisional remedy, we do not find that this court has been called upon to determine whether an order appointing a receiver is an interlocutory order. Fundamentally, it is clearly interlocutory. The New Century Dictionary defines the word interlocutory as "pronounced during the course of an action * * * not finally decisive of a case * * * pertaining to a provisional decision." Courts have repeatedly treated an order appointing a receiver as interlocutory. A. & R. Realty Co. v. Northwestern Mut. L. Ins. Co., 8 Cir., Mo., 95 F. 2d 703, 707; Kitchen v.

Printz, Tex. Civ. App., 120 S. W. 2d 881, and cases cited therein.

We are satisfied that the order appealed from was interlocutory and could be appealed from only by complying with the provisions of Rule 332. Since appellant has not seen fit to proceed in compliance with said Rule 332, the appellees' motion to dismiss the appeal must be sustained.—Appeal dismissed.

All JUSTICES concur.