PATEFIELD, Respondent, *vs.* FIDELITY & CASUALTY COM-
PANY OF NEW YORK and another, Appellants.

*May 4—June 7, 1949.*

*William E. Burke* of Milwaukee, for the appellants.

For the respondent the cause was submitted on the brief of *Gold & McCann,* attorneys, and *A. J. Palasz* of counsel, all of Milwaukee.

WICKHEM, J.    Defendant Boemer rented the premises in question for living purposes on May 1, 1943.    About May 1, 1946, Boemer received notice from the plaintiff who had in the meantime purchased the apartment building requiring him to move on September 30, 1946.    After trying unsuccessfully to find a place to live Boemer retained possession after September 30, 1946.    In October of that year plaintiff commenced unlawful detainer in the civil court against Boemer.    That action was dismissed.    Another action was commenced in the same court and that was dismissed on October 8, 1946.    Plaintiff appealed to the circuit court and on December 30th the appeal was argued and taken under advisement.    On February 14th the circuit court reversed the judgment of the civil court and sent the matter back for a new trial which was had on May 6, 1947.    The court found that plaintiff was entitled to possession and judgment was entered accordingly.    Defendant appealed to the circuit court and the Fidelity & Casualty Company signed the statutory undertaking in order to stay proceedings.

On June 20, 1947, prior to hearing in circuit court the defendant made application to dismiss the appeal.    On June 30th the appeal was dismissed and Boemer surrendered the premises.    All rent during the period of Boemer's occupancy was fully paid.    On July 15, 1947, this action was commenced in civil court of Milwaukee county to recover treble damages under sec. 291.10, Stats., and to recover damages against the Fidelity & Casualty Company upon its bond to stay proceedings. The case was tried in civil court and on June 18, 1948, judgment was entered dismissing plaintiff's complaint.    There-

after plaintiff appealed to the circuit court and judgment was entered reversing the civil court and directing that judgment be entered against Boemer and the Fidelity & Casualty Company for actual damages and against Boemer for sufficient in addition to make up a total recovery of treble damages. The judgment as entered was for $108 against Boemer and the Fidelity & Casualty Company, and against Boemer for $432 damages and $34.85 costs.

Sec. 291.10, Stats., reads as follows:

*"Treble damages.* If the plaintiff shall recover in any action brought under the provisions of this chapter, except when brought for the nonpayment of rent, he shall be entitled to recover treble damages, with costs of suit, against the person found guilty, in a separate action, for any injury he shall have sustained by reason of any unlawful or forcible entry or detainer, or for holding any unlawful possession of the premises by such defendant."

Appellants contend that sec. 291.10, Stats., is highly penal; that there must be an intentional and unlawful holding over and that the section does not cover cases where the holding over may be excusable under the circumstances because of lack of tortious conduct or malice. It is contended that the reason that Boemer did not move was that he had been unable to secure another place to live and that therefore the holding over was not unlawful, malicious, reckless, or tortious, but excusable under the circumstances.

The trial court properly disposed of this matter. Defendant deliberately, intentionally, and unlawfully withheld possession of the premises from plaintiff to suit his own convenience. This fact was established by the judgment in unlawful detainer. He was not forcibly prevented from delivering possession as was the defendant in *Feiges v. Racine Dry Goods Co.* 231 Wis. 270, 285 N. W. 799. In that case this fact was deemed sufficient to defeat the unlawful-detainer action and in the companion case, *Feiges v. Racine Dry Goods Co.* 231 Wis.

284, 287, 285 N. W. 805, it was held that since the action in unlawful detainer could not be maintained because there was no unlawful withholding this defeated the action for treble damages. In the course of this opinion the court said:

"It is quite true that the judgment in the unlawful-detainer action is *res judicata* on unlawful holding over, but the judgment on that point that is controlling is the circuit court judgment, the judgment affirmed on this appeal to the effect that the premises were *not* unlawfully withheld within the meaning of the statute."

In this case the unlawful character of defendant's holding was established by a judgment in unlawful detainer which is not appealed from here. The case of *Chrome Plating Co. v. Wisconsin Electric Power Co.* 241 Wis. 554, 6 N. W. (2d) 692, was decided upon points of pleading and procedure and has no bearing here.

It is next contended that the matter should have been sent back to civil court for retrial. This is upon the ground that there were issues as to the amount of damages to try. Under sec. 28.3, Milwaukee Civil Court Act, the circuit court on appeal may reverse, affirm, or modify the judgment. We do not discover any issue as to damages and consider it proper that the circuit court should enter the amount which the uncontroverted testimony indicates.

*By the Court.*—Judgment affirmed.

FRITZ, J., took no part.