ARTHUR C. NELSON, appellant, v. DEERING IMPLEMENT COMPANY, appellee.

No. 47598.

(Reported in 42 N.W.2d 522)

MAY 2, 1950.

REHEARING DENIED NOVEMBER 17, 1950.

Leonard S. Nelson, of Ogden, for appellant.

John W. Jordan, of Boone, for appellee.

MANTZ, J.—This is the second appeal in this case. In an opinion of this court filed February 10, 1948, Krug v. Deering Implement Co., 239 Iowa 157, 30 N.W.2d 729, the decree of the lower court was reversed and the cause remanded for further proceedings therein, not inconsistent with that opinion. The principal issue left to be determined was that of damages claimed against the defendant for its holding possession of leased premises after the termination of its lease, which lease, this court held terminated on June 1, 1946. Following said remand and procedendo and some additional pleadings the trial court passed upon the issues and entered a decree from which an appeal was taken by plaintiff herein.

I. In the first proceeding and in the former appeal, Krug and wife owned certain real estate in Boone, Iowa. Appellee was the lessee thereof. Subsequent to the opinion Krug and wife assigned all of their rights in and to the leased premises and their claims for damages against lessee to Arthur C. Nelson, appellant herein. They have no interest in the present proceeding.

The original action was in equity to quiet title and to obtain possession of the leased property then occupied by appellee herein and to recover damages for the unlawful detention thereof and for general equitable relief. The Deering Implement Company claimed the right to hold over under the terms of an extension agreement in its lease. This claim was denied in this court.

The procedendo which was filed March 15, 1948, in the district court of Boone County, Iowa, contains the following:

"It is our conclusion that defendant's right to occupy the property under any leasing arrangement with plaintiffs terminated on June 1, 1946. * * * The order of the trial court is therefore reversed and the cause is remanded to the district court for entry of a decree not contrary hereto, but with such other

1250

entries as further proceedings may require respecting damages or other issues."

Various pleadings were filed after the filing of the procedendo. We will make brief reference thereto.

On April 3, 1948, plaintiff-appellant filed herein what he termed "application for order of court." This application makes reference to the original appeal, the opinion, the procedendo, the claim for damage in the original petition, the continued possession of the leased property by appellee, its refusal to vacate, and damages suffered by plaintiff-appellant by the refusal of appellee to vacate the property.

The allegations for damages are ten in number and may be summarized as follows:

First: The unwarranted claim of defendant and the withholding possession created a cloud on the title of plaintiff and has prevented the completion of the sale of the property and loss of use of the sale price thereof.

Second: Such possession has prevented completion of plans to complete a building on a vacant lot—a part of the leased premises.

Third: Damages by increased building costs.

Fourth: Damages in expense of preparing to build.

Fifth: Damages on account of being unable to enter into another lease.

Sixth: Damages on account of losing a profitable lease to a motor sales agency.

Seventh: Damages caused by necessity to employ attorneys to secure removal of lessee from premises.

Eighth: Damages as long as lessee remains in possession.

Ninth: Damages in that the leased property will be unoccupied for an indefinite period after lessee removes therefrom.

Tenth: Damages in that the lessee's continued possession prevents a further lease of the property, the starting construction of a new building—all aggravating the damages.

This last item was a part of an amendment filed May 10, 1948. This amendment recited that the Deering Implement Company was still in possession of the premises and refused to turn them over to the owner and prayed for an order of eviction. Appellee filed resistance to said application for eviction.

On July 3, 1948, Hon. H. E. Fry, Judge, refused to order an eviction of the Deering Implement Company until a hearing was held on the matter of damage.

On July 8, 1948, an application was filed by appellee to strike the claims for damages as set out above, being first to tenth, inclusive, on the grounds that the allegations therein contained did not call for the proper measure of damage, and that such allegations were speculative only and remote, and are incompetent, irrelevant and immaterial.

On August 4, 1948, Hon. John M. Schaupp, Judge, sustained such motion on the grounds that the portions sought to be stricken allege damages which are not recoverable in this cause.

On May 2, 1949, appellant amended the prayer of his petition and therein asked for double damages for holding over after the lease had expired.

The record further shows that on August 7, 1948, the parties entered into a stipulation for the leasing of the premises to the appellee for a three-year period, and the agreed rental thereof, but left undetermined the amount of damages for the failure of appellee herein to surrender possession of the leased premises. Such stipulation was signed by Arthur C. Nelson, as first party, and James J. Deering, as second party. Parts of the recitals thereof related to the claims of such parties in and to the leased premises, and damages incident to the possession thereof. We set forth parts of said stipulation which deal directly with some matters involved in this appeal:

"*Whereas,* the District Court of Boone County, Iowa, dismissed the petition of Krugs, which ruling was reversed by the supreme court, which court held the Deering Implement Company to be in illegal possession of the said real estate and directed the said district court to determine the damages to the appellants in such action, and

"*Whereas,* Arthur C. Nelson and James J. Deering have been unable to agree upon the damages properly due the said Arthur C. Nelson as a consequence of the holding over and the illegal possession of said real estate, and

"*Whereas,* Arthur C. Nelson has offered to lease such property to James J. Deering for a period of three years upon certain

conditions, such lease to begin on the date of the payment of damages as awarded by the district court, and

"*Whereas*, James J. Deering has paid to Martin Krug the sum of $85 monthly beginning June 1946 and ending in March 1948, which payments total in the amount of $1870, now *therefore*, the following agreement is made and entered into:
"* * *

"It is further agreed that the second party shall pay the costs in the quiet title action, as may be accrued to date hereof, immediately on the execution of this agreement.

"It is further agreed that the second party shall pay the damages, if any, as awarded by the district court, allowing him due credit for prior payments, and the payment of such damages, if any, shall, on the date of payment, change the character of the second party's possession to that of lessee of Arthur C. Nelson pursuant to the lease executed herewith and such payment of damages, if any, shall limit and determine the right of first party to damages, if any, to such date of payment. It is understood that nothing herein shall diminish the rights of the first party to claim damages for holding over and illegal possession by second party to such date of payment of damages, if any, as aforesaid; nor shall this agreement be construed in any way to alter the character of the second party's possession, present or future, prior to the date of payment of damages, if any, as aforesaid, but second party may remain in possession of said premises after August 31, 1948, and until the payment of said damages, if any.

"In the event either or both parties appeal from the decision of the district court on the matter of damages, this agreement shall not be so used as to influence the right of appeal of either party, however, the payment of damages, if any, by second party, as aforesaid, shall set the lease in operation and determine the time limit upon the right of first party to damages, if any, and shall change the character of possession from the date of payment. Both parties agree to be bound by the decision of the supreme court and damages will be refunded or paid pursuant thereto from June 1, 1946, to date of such payment of damages, if any, as entered by the district court."

As before stated, the procedendo was filed in the district court at Boone, Iowa, on March 15, 1948. The records of this court show that appellant herein, on April 3, 1948, petitioned that court to order an eviction of appellee from the premises pursuant to the opinion of this court upon which the procedendo was based; that such notice of such demand was served upon attorneys for appellee on July 16, 1948. Such application was heard and the district court refused to order an eviction. Later appellant filed in this court an application praying for an order evicting appellee from said premises and attaching thereto the ruling of Judge H. E. Fry wherein said eviction was denied. On the 29th day of July, 1948, this court made an order which in part was as follows: "It is therefore ordered that the district court of Boone county, Iowa, forthwith issue an appropriate order for the eviction of defendant, Deering Implement Company, from the property in question."

Following such order the parties entered into the stipulation and lease referred to.

It will be observed that the stipulation and lease removed from the issues all except the claims for special and double damages. A hearing was had on the remaining issues in May 1949, and on July 14, 1949, the district court made a finding of fact and conclusion of law. In it the court referred to the ruling of Judge Schaupp on the motion to strike and stated that as no appeal had been taken from such ruling as to the claims therein involved the ruling was the law of the case.

The court reviewed the evidence as to appellant's claim for double damages for holding over after the filing of the procedendo and held that the evidence failed to show that appellee's act in so doing was willful as provided by section 562.2, Code of 1946, relating to double damages.

The court allowed attorney fees to appellant's attorney in the amount of $40, ordered the title quieted in appellant, taxed all costs to appellee, and dismissed the claim for double damages.

Appellant urges two grounds on this appeal: (1) The ruling of Judge Schaupp striking the claim for special damages, and (2) the findings, ruling and order made and entered in this matter on July 14, 1949, by Judge H. E. Fry.

■ II. The first error urged by appellant is that Judge Schaupp erred in sustaining the motion to strike the alleged claim for special damages. The appellant did not plead further after such ruling. There was no appeal from Judge Schaupp's ruling. Appellee, in support of the trial court, urges the failure to appeal.

Rule 331(b), Rules of Civil Procedure, on a ruling such as that made by Judge Schaupp, provides in part:

"No error in such interlocutory ruling or decision is waived by pleading over, or proceeding to trial. On appeal from the final judgment such ruling or decision may be assigned as error, where shown to have substantially affected the rights of the complaining party."

The language of the rule is clear and unmistakable. See Phillips v. Catterson, 235 Iowa 715, 17 N.W.2d 517; Ruth & Clark, Inc. v. Emery, 235 Iowa 131, 15 N.W.2d 896.

■ We do not think that appellant's failure to appeal from the ruling of Judge Schaupp precludes him from raising the point in this appeal. However, when we examine the original petition and the amendments later stricken by Judge Schaupp's ruling, we are of the opinion that such ruling was proper. For the most part such claimed items of damage were speculative, conjectural and improper issues. In addition, at the trial of the case appellant was permitted to offer evidence which he holds confirms his claim as to various particulars so stricken. It was agreed that proper objections were interposed to such evidence. In the court's ruling we are not able to determine what consideration, if any, was given to such evidence.

When we turn to the record we find evidence on behalf of appellant by Martin Krug, and Arthur C. Nelson, appellant, the present owner of the property involved in the controversy. The former testified that he conferred with Nelson, appellant and intervener in the first appeal, as to the settlement of the contract between them; that they settled between themselves and that he then assigned to Nelson all his claims for damages against appellee. He testified as to the reasonable rental value of the leased premises from June 1, 1946, to date. Nelson testified that he bought the property partly for the building and partly

to erect a building thereon. He testified that the reasonable rental value of the leased property was $125 per month. While there was pleaded a claim of an opportunity to make an advantageous lease in case possession could be obtained, yet we find nothing certain or definite in that respect. His statements as to such claims are indefinite and largely speculative as to such claimed special damages. Assuming that the issue was before the court, we hold that there was insufficient evidence to establish such damages.

Under the record we hold that Judge Schaupp made a proper ruling as to such particulars.

III. The other question presented relates to appellant's claim for double damages against appellee for holding over after the termination of the lease. Appellant bases his claim to such damages on Code section 562.2 which in part reads: "* * * a tenant or his assignee willfully holding over after the term, and after notice to quit, shall pay double the rental value thereof during the time he holds over to the person entitled thereto."

Both parties agree that while this statute has been the law for over one hundred years it has never been construed by this court. The trial court made a somewhat extended analysis of the statute and held that under the facts in the case the claim for double damages was not allowable, holding that the evidence failed to show that appellee's act in that respect was willful.

In order to put the statute into operation the action of the tenant in holding over must be willful. Whether or not appellee in holding over after June 1, 1946, was doing so willfully under the record was a fact question. The question is: Does the record support the ruling of the trial court?

We are unable to agree with the trial court that the holding by appellee of the premises for the entire period after June 1, 1946, was not willful. Our opinion held that appellee's lease terminated on June 1, 1946. The procedendo filed in the district court of Boone County clearly so stated. The record in the original case shows that a notice to quit was served upon the Deering Implement Company before the action was instituted. The record shows that appellant made repeated demands for the possession of such property. These demands were resisted and possession was maintained. When the hearing was

1256

had on the issues submitted to Judge Fry on May 9, 1949, Deering was a witness. We do not find in his testimony any explanation of his holding possession after the procedendo or any denial that appellant was demanding possession thereof. The whole record in the present and past appeal shows his purpose and determination was to hold possession of the premises. His disposition in that respect may be inferred from his testimony in the former case wherein he said:. "In a conversation with Mr. Krug and Leonard Nelson [attorney for appellant] I insisted that I had a right to stay there as long as I wanted to." Further he stated: "I intend to stay in the building as long as I want to." Boiled down, appellee's claim was that all claims for damages, etc. were to be determined before he gave possession.

The attention of the district court was called to such continuous possession after June 1, 1946, and an order of eviction was prayed for, but no relief was obtained. Thereupon application was made to this court directing the district court to issue an order of eviction. This application was filed on July 16, 1948. On July 20, 1948, appellee filed a written resistance thereto and alleged, among other things, that the order of the district court denying a claim for eviction was correct and final because no appeal had been taken from such order. On July 30, 1948, this court issued the order directing the district court to forthwith issue an appropriate order for the eviction of appellee from the premises involved herein.

It was not until such order issued out of this court that appellee evinced any disposition to comply with appellant's claim for possession or the prior opinion of this court. We hold that appellee acted willfully in refusing to give appellant possession of the property from the time of the issuance of the procedendo.

The statute (section 562.2) hereinbefore set forth provides that a tenant willfully holding over after the term and after notice to quit shall pay double the rental value thereof during the time he holds over. The trial court held that appellee's holding over was not willful and therefore the double rental could not be allowed. Above we have set out parts of the record which cannot be construed otherwise than that the holding over by appellee was willful. The term "willfully" has been held to mean, intentionally, deliberately, with bad or evil purpose, con-

trary to known duty. State v. Roth, 162 Iowa 638, 144 N.W. 339, 50 L. R. A., N. S., 841 (a removal case); Parker v. Parker, 102 Iowa 500, 71 N.W. 421; Werner v. Flies, 91 Iowa 146, 59 N.W. 18. In the Parker case, supra, the term was discussed and various authorities analyzed. It was held there that, generally speaking, the term included the disregard of the rights of others knowingly and with a stubborn purpose, or contrary to a known duty or without authority, and careless whether he have a right or not.

We think these principles applied to the record facts in the present case make clear the fact that appellee, in holding the premises after the procedendo issued, was acting knowingly and willfully. Immediately after this court ordered an eviction order to issue appellee leased the premises at an agreed rental of $125 per month from and after June 1, 1946. As before stated, the issue of double damages of rental was left undetermined. The trial court found that from and after June 1, 1946, pursuant to stipulation, appellee had regularly paid appellant such $125 per month rental; also, that such sum was a fair and reasonable rental. As above stated, appellant admitted that such sum was fair and reasonable.

We hold the appellee liable to appellant for double damages for the period from March 15, 1948, the date of the filing of the procedendo, to August 7, 1948, a period of four months and twenty-three days, at the rate of $125 per month, a total of $604.15.

The ruling of the trial court is reversed and remanded to the district court of Boone County, Iowa, with directions to enter a judgment therein in favor of appellant and against the appellee for the amount of $604.15, with five per cent interest from and after August 7, 1948, $40 attorney fees, and costs of this action.— Reversed and remanded.

BLISS, C.J., and MULRONEY, WENNERSTRUM, HALE, HAYS, SMITH, and GARFIELD, JJ., concur.

OLIVER, J., specially concurs.

OLIVER, J. (specially concurring)—Section 562.2, Code of Iowa, 1946, provides a tenant *willfully holding over* shall pay double the rental value. Here the holding in dispute was from June 1, 1946 to August 7, 1948. The question is whether appellant was *willfully holding over* for all or a part of this period, so as to render him liable for double the rental value while so *willfully holding over*.

This court has never construed the statutory language above italicized. However, the general rule appears to be that if the holding over is under a bona fide claim of right based on reasonable grounds, the tenant is not liable for double the rental value. Barson v. Mulligan, 191 N. Y. 306, 84 N.E. 75, 16 L. R. A., N. S., 151; Ancona Printing Co. v. Welsbach Co., 92 N. J. Law 204, 104 A. 132; Jones v. Taylor, 136 Ky. 39, 123 S.W. 326, Ann. Cas. 1912A. 276; Cooke v. Gaidry, 309 Ky. 727, 218 S.W.2d 960, 10 A. L. R. 2d 778; 32 Am. Jur., Landlord and Tenant, section 934; 52 C. J. S., Landlord and Tenant, section 550, page 362.

The judgment of the trial court in the former case sustained appellee's claim of his right to hold the premises. As long as this judgment was in effect it would indicate appellee's claim was bona fide and based upon reasonable grounds. However, that judgment was reversed by this court. The procedendo was filed in the trial court March 15, 1948. This constituted a final adjudication that appellee was holding over without right and thereafter there could be no bona fide claim to the contrary. Patefield v. Fidelity & Casualty Co., 255 Wis. 92, 37 N.W.2d 873, 874; Aiken v. Solomon, 298 Mich. 123, 298 N.W. 476, 134 A. L. R. 888.

Hence I agree with the holding of the majority that from March 15, 1948, appellee was liable for double the rental value of the property because he was willfully holding over within the purview of the statute.

BLISS, C. J., and GARFIELD, SMITH, MULRONEY, and HAYS, JJ., join in this special concurrence.